## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **J. THOMAS PILCHER, IV,**<br>**as personal representative of the**<br>**Estate of Jamie Lawrence Prim,** | ) <br> ) <br> ) <br> ) | |
| **Plaintiff,** | ) | **CASE NO.: 4:21-cv-00204-ACA** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **JEFFERSON DUNN, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ANSWER TO AMENDED COMPLAINT

COMES NOW Defendant, Walter Wilson, M.D., and in response to the Plaintiff's First Amended Complaint filed on March 12, 2021 [Doc. #20] states as follows:

1.      In response to Paragraph 1 of the Plaintiff's First Amended Complaint, this Defendant admits that Jamie Lawrence Prim was incarcerated with the Alabama Department of Corrections and died during his incarceration.  This Defendant does not have sufficient information to admit or deny any further allegations contained in Paragraph 1 of the Plaintiff's First Amended Complaint, therefore, denied.

2.      In response to Paragraph 2 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 2, therefore, denied.

3.	In response to Paragraph 3 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 3, therefore, denied.

4.	In response to Paragraph 4 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 4, therefore, denied.

5.	In response to Paragraph 5 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 5, therefore, denied.

6.	In response to Paragraph 6 of the Plaintiff's First Amended Complaint, this Defendant states that Mr. Prim's medical records are the best evidence of Mr. Prim's medical treatment.

7.	In response to Paragraph 7 of the Plaintiff's First Amended Complaint, denied.

8.	In response to Paragraph 8 of the Plaintiff's First Amended Complaint, this Defendant states that the Eighth Amendment to the United States Constitution speaks for itself.

9.	In response to Paragraph 9 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 9, therefore, denied.

10.     In response to Paragraph 10 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 10, therefore, denied.

11.     In response to Paragraph 11 of the Plaintiff's First Amended Complaint, this Defendant states that the Eighth Amendment to the United States Constitution speaks for itself.

12.     In response to Paragraph 12 of the Plaintiff's First Amended Complaint, denied.

13.     In response to Paragraph 13 of the Plaintiff's First Amended Complaint, denied.

14.     In response to Paragraph 14 of the Plaintiff's First Amended Complaint, this Defendant states that Mr. Prim's medical records are the best evidence of the medical treatment that Mr. Prim received while incarcerated with the Alabama Department of Corrections. This Defendant further states that Mr. Prim was at no time treated with deliberate indifference during his incarceration.

15.     In response to Paragraph 15 of the Plaintiff's First Amended Complaint, denied.

16.     In response to Paragraph 16 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 16, therefore, denied.

17.     In response to Paragraph 17 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 17, therefore, denied.

18.     In response to Paragraph 18 of the Plaintiff's First Amended Complaint, denied.

19.     In response to Paragraph 19 of the Plaintiff's First Amended Complaint, denied.

20.     In response to Paragraph 20 of the Plaintiff's First Amended Complaint, denied.

21.     In response to Paragraph 21 of the Plaintiff's First Amended Complaint, denied.

22.     In response to Paragraph 22 of the Plaintiff's First Amended Complaint, denied.

23.     In response to Paragraph 23 of the Plaintiff's First Amended Complaint, this Defendant does not deny that the Plaintiff is claiming or is making claims pursuant to 42 USC § 1983.

24.     In response to Paragraph 24 of the Plaintiff's First Amended Complaint, this Defendant does not deny that this Court has jurisdiction over this matter.

25.    In response to Paragraph 25 of the Plaintiff's First Amended Complaint, this Defendant does not deny that venue is proper.

26.    In response to Paragraph 26 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 26, therefore, denied.

27.    In response to Paragraph 27 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 27, therefore, denied.

28.    In response to Paragraph 28 of the Plaintiff's First Amended Complaint, this Defendant adopts and incorporates Paragraphs 1 through 27 as if fully set out herein.

29.    In response to Paragraph 29 of the Plaintiff's First Amended Complaint, denied.

30.    In response to Paragraph 30 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 30, therefore, denied.

31.    In response to Paragraph 31 of the Plaintiff's First Amended Complaint, this Defendant does not deny that Jefferson Dunn is the Commissioner of the Alabama Department of Corrections.

32. In response to Paragraph 32 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 32, therefore, denied.

33. In response to Paragraph 33 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 33, therefore, denied.

34. In response to Paragraph 34 of the Plaintiff's First Amended of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 34, therefore, denied.

35. In response to Paragraph 35 of the Plaintiff's First Amended Complaint, of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 35, therefore, denied.

36. In response to Paragraph 36 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 36, therefore, denied.

37. In response to Paragraph 37 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 37, therefore, denied.

38.     In response to Paragraph 38 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 38, therefore, denied

39.     In response to Paragraph 39 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 39, therefore, denied.

40.     In response to Paragraph 40 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 40, therefore, denied.

41.     In response to Paragraph 41 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 41, therefore, denied.

42.     In response to Paragraph 42 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 42, therefore, denied.

43.     In response to Paragraph 43 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 43, therefore, denied.

44.     In response to Paragraph 44 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 44, therefore, denied.

45.     In response to Paragraph 45 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 45, therefore, denied.

46.     In response to Paragraph 46 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 46, therefore, denied.

47.     In response to Paragraph 47 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 47, therefore, denied.

48.     In response to Paragraph 48 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 48, therefore, denied.

49.     In response to Paragraph 49 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 49, therefore, denied.

50.     In response to Paragraph 50 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 50, therefore, denied.

51.     In response to Paragraph 51 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 51, therefore, denied.

52.     In response to Paragraph 52 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 52, therefore, denied.

53.     In response to Paragraph 53 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 53, therefore, denied.

54.     In response to Paragraph 54 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 54, therefore, denied.

55.     In response to Paragraph 55 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 55, therefore, denied..

56.     In response to Paragraph 56 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 56, therefore, denied.

57.     In response to Paragraph 57 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 57, therefore, denied.

58.     In response to Paragraph 58 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 58, therefore, denied.

59.     In response to Paragraph 59 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 59, therefore, denied.

60.     In response to Paragraph 60 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 60, therefore, denied.

61.     In response to Paragraph 61 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 61, therefore, denied.

62.    In response to Paragraph 62 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 62, therefore, denied.

63.    In response to Paragraph 63 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 63, therefore, denied.

64.    In response to Paragraph 64 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 64, therefore, denied.

65.    In response to Paragraph 65 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 65, therefore, denied.

66.    In response to Paragraph 66 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 66, therefore, denied.

67.    In response to Paragraph 67 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 67, therefore, denied.

68.     In response to Paragraph 68 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 68, therefore, denied.

69.     In response to Paragraph 69 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 69, therefore, denied.

70.     In response to Paragraph 70 of the Plaintiff's First Amended Complaint, this Defendant admits that Wexford Health Sources, Inc. currently holds the contract with the Alabama Department of Corrections to provide health care and mental health care services to Alabama incarcerated inmates.  Wexford has held the contract with the ADOC since April 1, 2018. This Defendant denies Wexford has any liability for the claims made by the Plaintiff in this matter.

71.     In response to Paragraph 71 of the Plaintiff's First Amended Complaint, this Defendant admits that Wexford Health Sources, Inc. currently holds the contract with the Alabama Department of Corrections to provide health care and mental health care services to Alabama incarcerated inmates.  Wexford has held the contract with the ADOC since April 1, 2018. This Defendant denies that Wexford has any liability for the claims made by the Plaintiff in this matter.

72.     In response to Paragraph 72 of the Plaintiff's First Amended Complaint, this Defendant admits that Wexford Health Sources, Inc. currently holds

the contract with the Alabama Department of Corrections to provide health care and mental health care services to Alabama incarcerated inmates. Wexford has held the contract with the ADOC since April 1, 2018. This Defendant denies that Wexford has any liability for the claims made by the Plaintiff in this matter.

73. In response to Paragraph 73 of the Plaintiff's First Amended Complaint, this Defendant admits that Walter Wilson, M.D. was and is an employee of Wexford. This defendant denies that Dr. Wilson was deliberately indifferent to the medical needs of Mr. Prim.

74. In response to Paragraph 74 of the Plaintiff's First Amended Complaint, this Defendant admits that Walter Wilson, M.D. was and is an employee of Wexford. This defendant denies that Dr. Wilson was deliberately indifferent to the medical needs of Mr. Prim.

75. In response to Paragraph 75 of the Plaintiff's First Amended Complaint, this Defendant admits that Kelly Phillips was the former Health Services Administrator of St. Clair Correctional Facility. This defendant denies that Ms. Phillips was deliberately indifferent to Mr. Prim.

76. In response to Paragraph 76 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 76, therefore, denied.

77.    In response to Paragraph 77 of the Plaintiff's First Amended Complaint, denied.

78.    In response to Paragraph 78 of the Plaintiff's First Amended Complaint, this Defendant admits that Walter Wilson, M.D. and Kelly Phillips, RN are and/or were employed by Wexford.  As to the remaining claims in Paragraph 78, this Defendant does not have sufficient information to admit or deny those allegations, therefore, denied.

79.    In response to Paragraph 79 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 79, therefore, denied.

80.    In response to Paragraph 80 of the Plaintiff's First Amended Complaint, this Defendant admits that Manuel Pouparinas, M.D. is and was employed by Wexford.  This Defendant denies that Dr. Pouparinas has any liability for the claims made in this matter. This Defendant denies that Dr. Pouparinas was deliberately indifferent to the medical needs of Mr. Prim. This Defendant denies that Dr. Pouparinas has any liability for the claims made in this matter.

81.    In response to Paragraph 81 of the Plaintiff's First Amended Complaint, this Defendant admits that Manuel Pouparinas, M.D. is and was employed by Wexford.  This Defendant denies that Dr. Pouparinas has any liability for the claims made in this matter. This Defendant denies that Dr. Pouparinas was

deliberately indifferent to the medical needs of Mr. Prim. This Defendant denies that Dr. Pouparinas has any liability for the claims made in this matter.

82.     In response to Paragraph 82 of the Plaintiff's First Amended Complaint, this Defendant admits Shawn Geohagan was previously employed as a Certified Registered Nurse Practitioner by Wexford.  This Defendant denies that Mr. Geohagen was deliberately indifferent to the medical needs of Mr. Prim. This Defendant denies that Shawn Geohagan has any liability for the claims made in this matter.

83.     In response to Paragraph 83 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 83, therefore, denied.

84.     In response to Paragraph 84 of the Plaintiff's First Amended Complaint, denied.

85.     In response to Paragraph 85 of the Plaintiff's First Amended Complaint, this Defendant admits that Manuel Pouparinas, M.D. and Shawn Geohagen, CRNP are and/or were employed by Wexford Health Sources, Inc. This Defendant does not have sufficient information to admit or deny the further allegations contained in Paragraph 85, therefore, denied.

86. In response to Paragraph 86 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 86, therefore, denied.

87. In response to Paragraph 87 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 87, therefore, denied.

88. In response to Paragraph 88 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 88, therefore, denied.

89. In response to Paragraph 89 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 89, therefore, denied.

90. In response to Paragraph 90 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 90, therefore, denied.

91. In response to Paragraph 91 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 91, therefore, denied.

92.     In response to Paragraph 92 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 92, therefore, denied.

93.     In response to Paragraph 93 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 93, therefore, denied.

94.     In response to Paragraph 94 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 94, therefore, denied.

95.     In response to Paragraph 95 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 95, therefore, denied.

96.     In response to Paragraph 96 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 96, therefore, denied.

97.     In response to Paragraph 97 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 97, therefore, denied.

98. In response to Paragraph 98 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 98, therefore, denied.

99. In response to Paragraph 99 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 99, therefore, denied.

100. In response to Paragraph 100 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 100, therefore, denied.

101. In response to Paragraph 101 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 101, therefore, denied.

102. In response to Paragraph 102 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 102, therefore, denied.

103. In response to Paragraph 103 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 103, therefore, denied.

104. In response to Paragraph 104 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 104, therefore, denied.

105. In response to Paragraph 105 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 105, therefore, denied

106. In response to Paragraph 106 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 106, therefore, denied.

107. In response to Paragraph 107 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 107, therefore, denied

108. In response to Paragraph 108 of the Plaintiff's First Amended Complaint, this Defendant states that Mr. Prim's medical records are the best evidence of the medical treatment that Mr. Prim received during the time of his incarceration with the Alabama Department of Corrections.

109. In response to Paragraph 109 of the Plaintiff's First Amended Complaint, this Defendant states that Mr. Prim's medical records are the best evidence of the medical treatment that Mr. Prim received during the time of his incarceration with the Alabama Department of Corrections.

110. In response to Paragraph 110 of the Plaintiff's First Amended Complaint, this Defendant states that Mr. Prim's medical records are the best evidence of the medical treatment that Mr. Prim received during the time of his incarceration with the Alabama Department of Corrections.

111. In response to Paragraph 111 of the Plaintiff's First Amended Complaint, this Defendant states that Mr. Prim's medical records are the best evidence of the medical treatment that Mr. Prim received during the time of his incarceration with the Alabama Department of Corrections.

112. In response to Paragraph 112 of the Plaintiff's First Amended Complaint, this Defendant states that Mr. Prim's medical records are the best evidence of the medical treatment that Mr. Prim received during the time of his incarceration with the Alabama Department of Corrections.

113. In response to Paragraph 113 of the Plaintiff's First Amended Complaint, this Defendant states that Mr. Prim's medical records are the best evidence of the medical treatment that Mr. Prim received during the time of his incarceration with the Alabama Department of Corrections.

114. In response to Paragraph 114 of the Plaintiff's First Amended Complaint, this Defendant states that Mr. Prim's medical records are the best evidence of the medical treatment that Mr. Prim received during the time of his incarceration with the Alabama Department of Corrections.

115.    In  response  to  Paragraph  115  of  the  Plaintiff's  First  Amended
Complaint,  this  Defendant  states  that  Mr.  Prim's  medical  records  are  the  best
evidence  of  the  medical  treatment  that  Mr.  Prim  received  during  the  time  of  his
incarceration with the Alabama Department of Corrections.

116.    In  response  to  Paragraph  116  of  the  Plaintiff's  First  Amended
Complaint,  this  Defendant  states  that  Mr.  Prim's  medical  records  are  the  best
evidence  of  the  medical  treatment  that  Mr.  Prim  received  during  the  time  of  his
incarceration with the Alabama Department of Corrections.

117.    In  response  to  Paragraph  117  of  the  Plaintiff's  First  Amended
Complaint, denied.

118.    In  response  to  Paragraph  118  of  the  Plaintiff's  First  Amended
Complaint,  this  Defendant  states  that  Mr.  Prim's  medical  records  are  the  best
evidence  of  the  medical  treatment  that  Mr.  Prim  received  during  the  time  of  his
incarceration with the Alabama Department of Corrections.

119.    In  response  to  Paragraph  119  of  the  Plaintiff's  First  Amended
Complaint,  this  Defendant  states  that  Mr.  Prim's  medical  records  are  the  best
evidence  of  the  medical  treatment  that  Mr.  Prim  received  during  the  time  of  his
incarceration with the Alabama Department of Corrections.

120.    In  response  to  Paragraph  120  of  the  Plaintiff's  First  Amended
Complaint,  this  Defendant  states  that  Mr.  Prim's  medical  records  are  the  best

evidence of the medical treatment that Mr. Prim received during the time of his incarceration with the Alabama Department of Corrections.

121. In response to Paragraph 121 of the Plaintiff's First Amended Complaint, this Defendant states that Mr. Prim's medical records are the best evidence of the medical treatment that Mr. Prim received during the time of his incarceration with the Alabama Department of Corrections.

122. In response to Paragraph 122 of the Plaintiff's First Amended Complaint, denied.

123. In response to Paragraph 123 of the Plaintiff's First Amended Complaint, this Defendant states that Mr. Prim's medical records are the best evidence of the medical treatment that Mr. Prim received during the time of his incarceration with the Alabama Department of Corrections.

124. In response to Paragraph 124 of the Plaintiff's First Amended Complaint, denied.

125. In response to Paragraph 125 of the Plaintiff's First Amended Complaint, denied.

126. In response to Paragraph 126 of the Plaintiff's First Amended Complaint, denied.

127. In response to Paragraph 127 of the Plaintiff's First Amended Complaint, denied.

128. In response to Paragraph 128 of the Plaintiff's First Amended Complaint, denied.

129. In response to Paragraph 129 of the Plaintiff's First Amended Complaint, denied.

130. In response to Paragraph 130 of the Plaintiff's First Amended Complaint, denied.

131. In response to Paragraph 131 of the Plaintiff's First Amended Complaint, this Defendant states that Mr. Prim's medical records are the best evidence of the medical treatment that Mr. Prim received during the time of his incarceration with the Alabama Department of Corrections.

132. In response to Paragraph 132 of the Plaintiff's First Amended Complaint, this Defendant states that Mr. Prim's medical records are the best evidence of the medical treatment that Mr. Prim received during the time of his incarceration with the Alabama Department of Corrections.

133. In response to Paragraph 133 of the Plaintiff's First Amended Complaint, this Defendant states that Mr. Prim's medical records are the best evidence of the medical treatment that Mr. Prim received during the time of his incarceration with the Alabama Department of Corrections.

134. In response to Paragraph 134 of the Plaintiff's First Amended Complaint, this Defendant states that Mr. Prim's medical records are the best

evidence of the medical treatment that Mr. Prim received during the time of his incarceration with the Alabama Department of Corrections.

135. In response to Paragraph 135 of the Plaintiff's First Amended Complaint, this Defendant states that Mr. Prim's medical records are the best evidence of the medical treatment that Mr. Prim received during the time of his incarceration with the Alabama Department of Corrections.

136. In response to Paragraph 136 of the Plaintiff's First Amended Complaint, this Defendant states that Mr. Prim's medical records are the best evidence of the medical treatment that Mr. Prim received during the time of his incarceration with the Alabama Department of Corrections.

137. In response to Paragraph 137 of the Plaintiff's First Amended Complaint, this Defendant states that Mr. Prim's medical records are the best evidence of the medical treatment that Mr. Prim received during the time of his incarceration with the Alabama Department of Corrections.

138. In response to Paragraph 138 of the Plaintiff's First Amended Complaint, this Defendant states that Mr. Prim's medical records are the best evidence of the medical treatment that Mr. Prim received during the time of his incarceration with the Alabama Department of Corrections.

139. In response to Paragraph 139 of the Plaintiff's First Amended Complaint, this Defendant states that Mr. Prim's medical records are the best

evidence of the medical treatment that Mr. Prim received during the time of his incarceration with the Alabama Department of Corrections.

140. In response to Paragraph 140 of the Plaintiff's First Amended Complaint, this Defendant states that Mr. Prim's medical records are the best evidence of the medical treatment that Mr. Prim received during the time of his incarceration with the Alabama Department of Corrections.

141. In response to Paragraph 141 of the Plaintiff's First Amended Complaint, this Defendant states that Mr. Prim's medical records are the best evidence of the medical treatment that Mr. Prim received during the time of his incarceration with the Alabama Department of Corrections.

142. In response to Paragraph 142 of the Plaintiff's First Amended Complaint, this Defendant states that Mr. Prim's medical records are the best evidence of the medical treatment that Mr. Prim received during the time of his incarceration with the Alabama Department of Corrections.

143. In response to Paragraph 143 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 143, therefore, denied.

144. In response to Paragraph 144 of the Plaintiff's First Amended Complaint, this Defendant states that Mr. Prim's medical records are the best

evidence of the medical treatment that Mr. Prim received during the time of his incarceration with the Alabama Department of Corrections.

145. In response to Paragraph 145 of the Plaintiff's First Amended Complaint, this Defendant states that Mr. Prim's medical records are the best evidence of the medical treatment that Mr. Prim received during the time of his incarceration with the Alabama Department of Corrections.

146. In response to Paragraph 146 of the Plaintiff's First Amended Complaint, this Defendant states that Mr. Prim's medical records are the best evidence of the medical treatment that Mr. Prim received during the time of his incarceration with the Alabama Department of Corrections.

147. In response to Paragraph 147 of the Plaintiff's First Amended Complaint, this Defendant states that Mr. Prim's medical records are the best evidence of the medical treatment that Mr. Prim received during the time of his incarceration with the Alabama Department of Corrections.

148. In response to Paragraph 148 of the Plaintiff's First Amended Complaint, this Defendant states that Mr. Prim's medical records are the best evidence of the medical treatment that Mr. Prim received during the time of his incarceration with the Alabama Department of Corrections.

149. In response to Paragraph 149 of the Plaintiff's First Amended Complaint, this Defendant states that Mr. Prim's medical records are the best

evidence of the medical treatment that Mr. Prim received during the time of his incarceration with the Alabama Department of Corrections.

150. In response to Paragraph 150 of the Plaintiff's First Amended Complaint, this Defendant states that Mr. Prim's medical records are the best evidence of the medical treatment that Mr. Prim received during the time of his incarceration with the Alabama Department of Corrections.

151. In response to Paragraph 151 of the Plaintiff's First Amended Complaint, this Defendant states that Mr. Prim's medical records are the best evidence of the medical treatment that Mr. Prim received during the time of his incarceration with the Alabama Department of Corrections.

152. In response to Paragraph 152 of the Plaintiff's First Amended Complaint, this Defendant states that Mr. Prim's medical records are the best evidence of the medical treatment that Mr. Prim received during the time of his incarceration with the Alabama Department of Corrections.

153. In response to Paragraph 153 of the Plaintiff's First Amended Complaint, this Defendant states that Mr. Prim's medical records are the best evidence of the medical treatment that Mr. Prim received during the time of his incarceration with the Alabama Department of Corrections.

154. In response to Paragraph 154 of the Plaintiff's First Amended Complaint, this Defendant states that Mr. Prim's medical records are the best

evidence of the medical treatment that Mr. Prim received during the time of his incarceration with the Alabama Department of Corrections.

155. In response to Paragraph 155 of the Plaintiff's First Amended Complaint, denied.

156. In response to Paragraph 156 of the Plaintiff's First Amended Complaint, this Defendant states that Mr. Prim's medical records are the best evidence of the medical treatment that Mr. Prim received during the time of his incarceration with the Alabama Department of Corrections.

157. In response to Paragraph 157 of the Plaintiff's First Amended Complaint, this Defendant states that Mr. Prim's medical records are the best evidence of the medical treatment that Mr. Prim received during the time of his incarceration with the Alabama Department of Corrections.

158. In response to Paragraph 158 of the Plaintiff's First Amended Complaint, this Defendant states that Mr. Prim's medical records are the best evidence of the medical treatment that Mr. Prim received during the time of his incarceration with the Alabama Department of Corrections.

159. In response to Paragraph 159 of the Plaintiff's First Amended Complaint, this Defendant states that Mr. Prim's medical records are the best evidence of the medical treatment that Mr. Prim received during the time of his incarceration with the Alabama Department of Corrections.

160. In response to Paragraph 160 of the Plaintiff's First Amended Complaint, this Defendant states that Mr. Prim's medical records are the best evidence of the medical treatment that Mr. Prim received during the time of his incarceration with the Alabama Department of Corrections.

161. In response to Paragraph 161 of the Plaintiff's First Amended Complaint, this Defendant states that Mr. Prim's medical records are the best evidence of the medical treatment that Mr. Prim received during the time of his incarceration with the Alabama Department of Corrections.

162. In response to Paragraph 162 of the Plaintiff's First Amended Complaint, this Defendant states that Mr. Prim's medical records are the best evidence of the medical treatment that Mr. Prim received during the time of his incarceration with the Alabama Department of Corrections.

163. In response to Paragraph 163 of the Plaintiff's First Amended Complaint, denied.

164. In response to Paragraph 164 of the Plaintiff's First Amended Complaint, denied.

165. In response to Paragraph 165 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 165, therefore, denied.

166. In response to Paragraph 166 of the Plaintiff's First Amended Complaint, this Defendant states that Mr. Prim's medical records are the best evidence of the medical treatment that Mr. Prim received during the time of his incarceration with the Alabama Department of Corrections.

167. In response to Paragraph 167 of the Plaintiff's First Amended Complaint, this Defendant states that Mr. Prim's medical records are the best evidence of the medical treatment that Mr. Prim received during the time of his incarceration with the Alabama Department of Corrections.

168. In response to Paragraph 168 of the Plaintiff's First Amended Complaint, denied.

169. In response to Paragraph 169 of the Plaintiff's First Amended Complaint, denied.

170. In response to Paragraph 170 of the Plaintiff's First Amended Complaint, denied.

171. In response to Paragraph 171 of the Plaintiff's First Amended Complaint, denied.

172. In response to Paragraph 172 of the Plaintiff's First Amended Complaint, denied.

173. In response to Paragraph 173 of the Plaintiff's First Amended Complaint, denied.

174. In response to Paragraph 174 of the Plaintiff's First Amended Complaint, denied.

175. In response to Paragraph 175 of the Plaintiff's First Amended Complaint, denied.

176. In response to Paragraph 176 of the Plaintiff's First Amended Complaint, denied.

177. In response to Paragraph 177 of the Plaintiff's First Amended Complaint, this Defendant states that Mr. Prim's medical records are the best evidence of the medical treatment that Mr. Prim received during the time of his incarceration with the Alabama Department of Corrections.

178. In response to Paragraph 178 of the Plaintiff's First Amended Complaint, this Defendant states that Mr. Prim's medical records are the best evidence of the medical treatment that Mr. Prim received during the time of his incarceration with the Alabama Department of Corrections.

179. In response to Paragraph 179 of the Plaintiff's First Amended Complaint, this Defendant states that Mr. Prim's medical records are the best evidence of the medical treatment that Mr. Prim received during the time of his incarceration with the Alabama Department of Corrections.

180. In response to Paragraph 180 of the Plaintiff's First Amended Complaint, denied.

181. In response to Paragraph 181 of the Plaintiff's First Amended Complaint, this Defendant states that Mr. Prim's medical records are the best evidence of the medical treatment that Mr. Prim received during the time of his incarceration with the Alabama Department of Corrections.

182. In response to Paragraph 182 of the Plaintiff's First Amended Complaint, denied.

183. In response to Paragraph 183 of the Plaintiff's First Amended Complaint, denied.

184. In response to Paragraph 184 of the Plaintiff's First Amended Complaint, denied.

185. In response to Paragraph 185 of the Plaintiff's First Amended Complaint, denied.

186. In response to Paragraph 186 of the Plaintiff's First Amended Complaint, denied.

187. In response to Paragraph 187 of the Plaintiff's First Amended Complaint, denied.

188. In response to Paragraph 188 of the Plaintiff's First Amended Complaint, denied.

189. In response to Paragraph 189 of the Plaintiff's First Amended Complaint, denied.

190. In response to Paragraph 190 of the Plaintiff's First Amended Complaint, this Defendant states that Mr. Prim's medical records are the best evidence of the medical treatment that Mr. Prim received during the time of his incarceration with the Alabama Department of Corrections.

191. In response to Paragraph 191 of the Plaintiff's First Amended Complaint, denied.

192. In response to Paragraph 192 of the Plaintiff's First Amended Complaint, denied.

193. In response to Paragraph 193 of the Plaintiff's First Amended Complaint, this Defendant states that Mr. Prim's medical records are the best evidence of the medical treatment that Mr. Prim received during the time of his incarceration with the Alabama Department of Corrections.

194. In response to Paragraph 194 of the Plaintiff's First Amended Complaint, denied.

195. In response to Paragraph 195 of the Plaintiff's First Amended Complaint, this Defendant states that the Eighth Amendment to the United States Constitution speaks for itself. This Defendant further states it does not have sufficient information to admit or deny the allegations contained in Paragraph 195, therefore, denied.

196. In response to Paragraph 196 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 196, therefore, denied.

197. In response to Paragraph 197 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 197, therefore, denied.

198. In response to Paragraph 198 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 198, therefore, denied.

199. In response to Paragraph 199 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 199, therefore, denied.

200. In response to Paragraph 200 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 200, therefore, denied.

201. In response to Paragraph 201 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 201, therefore, denied.

202. In response to Paragraph 202 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 202, therefore, denied.

203. In response to Paragraph 203 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 203, therefore, denied.

204. In response to Paragraph 204 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 204, therefore, denied.

205. In response to Paragraph 205 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 205, therefore, denied.

206. In response to Paragraph 206 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 206, therefore, denied.

207. In response to Paragraph 207 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 207, therefore, denied.

208.    In   response   to   Paragraph   208   of   the   Plaintiff's   First   Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 208, therefore, denied.

209.    In   response   to   Paragraph   209   of   the   Plaintiff's   First   Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 209, therefore, denied.

210.    In   response   to   Paragraph   210   of   the   Plaintiff's   First   Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 210, therefore, denied.

211.    In   response   to   Paragraph   211   of   the   Plaintiff's   First   Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 211, therefore, denied.

212.    In   response   to   Paragraph   212   of   the   Plaintiff's   First   Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 212, therefore, denied.

213.    In   response   to   Paragraph   213   of   the   Plaintiff's   First   Amended Complaint, denied.

214.    In   response   to   Paragraph   214   of   the   Plaintiff's   First   Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 214, therefore, denied.

215.  In response to Paragraph 215 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 215, therefore, denied.

216.  In response to Paragraph 216 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 216, therefore, denied.

217.  In response to Paragraph 217 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 217, therefore, denied.

218.  In response to Paragraph 218 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 218, therefore, denied.

219.  In response to Paragraph 219 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 219, therefore, denied.

220.  In response to Paragraph 220 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 220, therefore, denied.

221.	In response to Paragraph 221 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 221, therefore, denied.

222.	In response to Paragraph 222 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 222, therefore, denied.

223.	In response to Paragraph 223 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 223, therefore, denied.

224.	In response to Paragraph 224 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 224, therefore, denied.

225.	In response to Paragraph 225 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 225, therefore, denied.

226.	In response to Paragraph 226 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 226, therefore, denied.

227. In response to Paragraph 227 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 227, therefore, denied.

228. In response to Paragraph 228 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 228, therefore, denied.

229. In response to Paragraph 229 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 229, therefore, denied.

230. In response to Paragraph 230 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 230, therefore, denied.

231. In response to Paragraph 231 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 231, therefore, denied.

232. In response to Paragraph 232 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 232, therefore, denied.

233. In response to Paragraph 233 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 233, therefore, denied.

234. In response to Paragraph 234 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 234, therefore, denied.

235. In response to Paragraph 235 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 235, therefore, denied.

236. In response to Paragraph 236 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 236, therefore, denied.

237. In response to Paragraph 237 of the Plaintiff's First Amended Complaint, denied.

238. In response to Paragraph 238 of the Plaintiff's First Amended Complaint, denied.

239. In response to Paragraph 239 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 239, therefore, denied.

240. In response to Paragraph 240 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 240, therefore, denied.

241. In response to Paragraph 241 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 241, therefore, denied.

242. In response to Paragraph 242 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 242, therefore, denied.

243. In response to Paragraph 243 of the Plaintiff's First Amended Complaint, denied.

244. In response to Paragraph 244 of the Plaintiff's First Amended Complaint, denied.

245. In response to Paragraph 245 of the Plaintiff's First Amended Complaint, denied.

246. In response to Paragraph 246 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 246, therefore, denied.

247. In response to Paragraph 247 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 247, therefore, denied.

248. In response to Paragraph 248 of the Plaintiff's First Amended Complaint, denied.

249. In response to Paragraph 249 of the Plaintiff's First Amended Complaint, denied.

250. In response to Paragraph 250 of the Plaintiff's First Amended Complaint, denied.

251. In response to Paragraph 251 of the Plaintiff's First Amended Complaint, denied.

252. In response to Paragraph 252 of the Plaintiff's First Amended Complaint, denied.

253. In response to Paragraph 253 of the Plaintiff's First Amended Complaint, denied.

254. In response to Paragraph 254 of the Plaintiff's First Amended Complaint, denied.

255. In response to Paragraph 255 of the Plaintiff's First Amended Complaint, denied.

256. In response to Paragraph 256 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 256, therefore, denied.

257. In response to Paragraph 257 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 257, therefore, denied.

258. In response to Paragraph 258 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 258, therefore, denied.

259. In response to Paragraph 259 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 259, therefore, denied.

260. In response to Paragraph 260 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 260, therefore, denied.

261. In response to Paragraph 261 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 261, therefore, denied.

262. In response to Paragraph 262 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 262, therefore, denied.

263. In response to Paragraph 263 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 263, therefore, denied.

264. In response to Paragraph 264 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 264, therefore, denied.

265. In response to Paragraph 265 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 265, therefore, denied.

266. In response to Paragraph 266 of the Plaintiff's First Amended Complaint, denied.

267. In response to Paragraph 267 of the Plaintiff's First Amended Complaint, denied.

268. In response to Paragraph 268 of the Plaintiff's First Amended Complaint, denied.

269. In response to Paragraph 269 of the Plaintiff's First Amended Complaint, denied.

270. In response to Paragraph 270 of the Plaintiff's First Amended Complaint, this Defendant states that the contractual terms of the contract between Wexford and the ADOC speak for themself.

271. In response to Paragraph 271 of the Plaintiff's First Amended Complaint, this Defendant states that the contractual terms of the contract between Wexford and the ADOC speak for themself.

272. In response to Paragraph 272 of the Plaintiff's First Amended Complaint, denied.

273. In response to Paragraph 273 of the Plaintiff's First Amended Complaint, denied.

274. In response to Paragraph 274 of the Plaintiff's First Amended Complaint, this Defendant states that Mr. Prim's medical chart is the best evidence of the medical treatment that Mr. Prim received while incarcerated with the Alabama Department of Corrections.

275. In response to Paragraph 275 of the Plaintiff's First Amended Complaint, denied.

276. In response to Paragraph 276 of the Plaintiff's First Amended Complaint, denied.

277. In response to Paragraph 277 of the Plaintiff's First Amended Complaint, denied.

278. In response to Paragraph 278 of the Plaintiff's First Amended Complaint, denied.

279. In response to Paragraph 279 of the Plaintiff's First Amended Complaint, this Defendant states that the Plaintiff is not entitled to the relief which is sought. Furthermore, the Defendant denies the allegations set forth in Paragraph 279.

280. In response to Paragraph 280 of the Plaintiff's First Amended Complaint, this Defendant states that the Plaintiff is not entitled to the relief which is sought. Furthermore, the Defendant denies the allegations set forth in Paragraph 280.

281. In response to Paragraph 281 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 281, therefore, denied.

282. In response to Paragraph 282 of the Plaintiff's First Amended Complaint, this Defendant adopts and incorporates Paragraphs 1 through 281 as if fully set out herein.

283. In response to Paragraph 283 of the Plaintiff's First Amended Complaint, this Defendant states that the Eighth Amendment to the United States Constitution speaks for itself.

284. In response to Paragraph 284 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

285. In response to Paragraph 285 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

286. In response to Paragraph 286 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

287. In response to Paragraph 287 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

288. In response to Paragraph 288 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

289. In response to Paragraph 289 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

290. In response to Paragraph 290 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

291. In response to Paragraph 291 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

292. In response to Paragraph 292 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

293. In response to Paragraph 293 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

294. In response to Paragraph 294 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

295. In response to Paragraph 295 of the Plaintiff's First Amended Complaint, this Defendant adopts and incorporates Paragraphs 1 through 294 as if fully set forth herein.

296. In response to Paragraph 296 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

297. In response to Paragraph 297 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

298. In response to Paragraph 298 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

299. In response to Paragraph 299 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

300. In response to Paragraph 300 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

301. In response to Paragraph 301 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

302.    In response to Paragraph 302 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

303.    In response to Paragraph 303 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

304.    In response to Paragraph 304 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

305.    In response to Paragraph 305 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

306.    In response to Paragraph 306 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

307.    In response to Paragraph 307 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

308. In response to Paragraph 308 of the Plaintiff's First Amended Complaint, this Defendant adopts and incorporates Paragraphs 1 through 307 as if fully set forth herein.

309. In response to Paragraph 309 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

310. In response to Paragraph 310 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

311. In response to Paragraph 311 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

312. In response to Paragraph 312 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

313. In response to Paragraph 313 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

314. In response to Paragraph 314 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

315. In response to Paragraph 315 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

316. In response to Paragraph 316 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

317. In response to Paragraph 317 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

318. In response to Paragraph 318 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

319. In response to Paragraph 319 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

320. In response to Paragraph 320 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

321. In response to Paragraph 321 of the Plaintiff's First Amended Complaint, this Defendant adopts and incorporates Paragraphs 1 through 320 as if fully set forth herein.

322. In response to Paragraph 322 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

323. In response to Paragraph 323 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

324. In response to Paragraph 324 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

325. In response to Paragraph 325 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

326. In response to Paragraph 326 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

327. In response to Paragraph 327 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

328. In response to Paragraph 328 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

329. In response to Paragraph 329 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

330. In response to Paragraph 330 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

331. In response to Paragraph 331 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

332. In response to Paragraph 332 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

333. In response to Paragraph 333 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

334. In response to Paragraph 334 of the Plaintiff's First Amended Complaint, this Defendant adopts and incorporates Paragraphs 1 through 333 as if fully set forth herein.

335. In response to Paragraph 335 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

336. In response to Paragraph 336 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

337. In response to Paragraph 337 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

338. In response to Paragraph 338 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

339. In response to Paragraph 339 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

340. In response to Paragraph 340 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

341. In response to Paragraph 341 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

342. In response to Paragraph 342 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

343. In response to Paragraph 343 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

344. In response to Paragraph 344 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

345. In response to Paragraph 345 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

346. In response to Paragraph 346 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

347. In response to Paragraph 347 of the Plaintiff's First Amended Complaint, this Defendant adopts and incorporates Paragraphs 1 through 346 as if fully set forth herein.

348. In response to Paragraph 348 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

349. In response to Paragraph 349 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

350. In response to Paragraph 350 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

351. In response to Paragraph 351 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

352. In response to Paragraph 352 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

353. In response to Paragraph 353 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

354. In response to Paragraph 354 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

355. In response to Paragraph 355 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

356. In response to Paragraph 356 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

357. In response to Paragraph 357 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

358. In response to Paragraph 358 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

359. In response to Paragraph 359 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

360. In response to Paragraph 360 of the Plaintiff's First Amended Complaint, this Defendant adopts and incorporates Paragraphs 1 through 359 as if fully set forth herein.

361. In response to Paragraph 361 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

362. In response to Paragraph 362 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

363. In response to Paragraph 363 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

364. In response to Paragraph 364 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

365. In response to Paragraph 365 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

366. In response to Paragraph 366 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

367. In response to Paragraph 367 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

368. In response to Paragraph 368 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

369. In response to Paragraph 369 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

370. In response to Paragraph 370 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

371. In response to Paragraph 371 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

372. In response to Paragraph 372 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

373. In response to Paragraph 373 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

374. In response to Paragraph 374 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

375. In response to Paragraph 375 of the Plaintiff's First Amended Complaint, this Defendant adopts and incorporates its responses to Paragraphs 1 through 374 as if fully set forth herein.

376. In response to Paragraph 376 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

377. In response to Paragraph 377 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

378. In response to Paragraph 378 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

379. In response to Paragraph 379 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

380. In response to Paragraph 380 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

381. In response to Paragraph 381 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

382. In response to Paragraph 382 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

383. In response to Paragraph 383 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

384. In response to Paragraph 384 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

385. In response to Paragraph 385 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

386. In response to Paragraph 386 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

387. In response to Paragraph 387 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

388. In response to Paragraph 388 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

389. In response to Paragraph 389 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

390. In response to Paragraph 390 of the Plaintiff's First Amended Complaint, this Defendant adopts and incorporates Paragraphs 1 through 389 as if fully set out herein.

391. In response to Paragraph 391 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

392. In response to Paragraph 392 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

393. In response to Paragraph 393 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

394. In response to Paragraph 394 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

395. In response to Paragraph 395 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

396. In response to Paragraph 396 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

397. In response to Paragraph 397 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

398.  In response to Paragraph 398 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

399.  In response to Paragraph 399 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

400.  In response to Paragraph 400 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

401.  In response to Paragraph 401 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

402.  In response to Paragraph 402 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

403.  In response to Paragraph 403 of the Plaintiff's First Amended Complaint, this Defendant adopts and incorporates Paragraphs 1 through 402 as if fully set forth herein.

404. In response to Paragraph 404 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

405. In response to Paragraph 405 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

406. In response to Paragraph 406 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

407. In response to Paragraph 407 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

408. In response to Paragraph 408 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

409. In response to Paragraph 409 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

410. In response to Paragraph 410 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

411. In response to Paragraph 411 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

412. In response to Paragraph 412 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

413. In response to Paragraph 413 of the Plaintiff's First Amended Complaint, this Defendant adopts and incorporates Paragraphs 1 through 412 as if fully set forth herein.

414. In response to Paragraph 414 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

415. In response to Paragraph 415 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

416. In response to Paragraph 416 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

417. In response to Paragraph 417 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

418. In response to Paragraph 418 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

419. In response to Paragraph 419 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

420. In response to Paragraph 420 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

421. In response to Paragraph 421 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

422. In response to Paragraph 422 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

423. In response to Paragraph 423 of the Plaintiff's First Amended Complaint, this Defendant adopts and incorporates Paragraphs 1 through 422 as if fully set forth herein.

424. In response to Paragraph 424 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

425. In response to Paragraph 425 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

426. In response to Paragraph 426 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

427. In response to Paragraph 427 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

428. In response to Paragraph 428 of the Plaintiff's First Amended Complaint, denied.

429. In response to Paragraph 429 of the Plaintiff's First Amended Complaint, denied.

430. In response to Paragraph 430 of the Plaintiff's First Amended Complaint, denied.

431. In response to Paragraph 431 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

432. In response to Paragraph 432 of the Plaintiff's First Amended Complaint, denied.

433. In response to Paragraph 433 of the Plaintiff's First Amended Complaint, denied.

434. In response to Paragraph 434 of the Plaintiff's First Amended Complaint, this Defendant states that this paragraph is not directed to this Defendant and therefore a response is not due.

435. In response to Paragraph 435 of the Plaintiff's First Amended Complaint, this Defendant adopts and incorporates Paragraphs 1 through 434 as if fully set forth herein.

436. In response to Paragraph 436 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

437. In response to Paragraph 437 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

438. In response to Paragraph 438 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

439. In response to Paragraph 439 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

440. In response to Paragraph 440 of the Plaintiff's First Amended Complaint, denied.

441. In response to Paragraph 441 of the Plaintiff's First Amended Complaint, denied.

442. In response to Paragraph 442 of the Plaintiff's First Amended Complaint, denied.

443. In response to Paragraph 443 of the Plaintiff's First Amended Complaint, this Defendant states that this paragraph is not directed to this Defendant and therefore a response is not due.

444. In response to Paragraph 444 of the Plaintiff's First Amended Complaint, this Defendant states that this paragraph is not directed to this Defendant and therefore a response is not due.

445. In response to Paragraph 445 of the Plaintiff's First Amended Complaint, this Defendant states that this paragraph is not directed to this Defendant and therefore a response is not due.

446. In response to Paragraph 446 of the Plaintiff's First Amended Complaint, this Defendant states that this paragraph is not directed to this Defendant and therefore a response is not due.

447. In response to Paragraph 447 of the Plaintiff's First Amended Complaint, this Defendant adopts and incorporates Paragraphs 1 through 446 as if fully set forth herein.

448. In response to Paragraph 448 of the Plaintiff's First Amended Complaint, this Defendant states that this paragraph is not directed to this Defendant and therefore a response is not due.

449. In response to Paragraph 449 of the Plaintiff's First Amended Complaint, this paragraph does not pertain to this Defendant and therefore a response is not due.

450. In response to Paragraph 450 of the Plaintiff's First Amended Complaint, this Defendant states that this paragraph is not directed to this Defendant and therefore a response is not due.

451. In response to Paragraph 451 of the Plaintiff's First Amended Complaint, denied.

452. In response to Paragraph 452 of the Plaintiff's First Amended Complaint, denied.

453. In response to Paragraph 453 of the Plaintiff's First Amended Complaint, denied.

454. In response to Paragraph 454 of the Plaintiff's First Amended Complaint, this Defendant states that this paragraph is not directed to this Defendant and therefore a response is not due.

455. In response to Paragraph 455 of the Plaintiff's First Amended Complaint, this Defendant states that this paragraph is not directed to this Defendant and therefore a response is not due.

456. In response to Paragraph 456 of the Plaintiff's First Amended Complaint, this Defendant states that this paragraph is not directed to this Defendant and therefore a response is not due.

457. In response to Paragraph 457 of the Plaintiff's First Amended Complaint, this Defendant states that this paragraph is not directed to this Defendant and therefore a response is not due.

458. In response to Paragraph 458 of the Plaintiff's First Amended Complaint, this Defendant adopts and incorporates Paragraphs 1 through 457 as if fully set forth herein.

459. In response to Paragraph 459 of the Plaintiff's First Amended Complaint, this Defendant states that this paragraph is not directed to this Defendant and therefore a response is not due.

460. In response to Paragraph 460 of the Plaintiff's First Amended Complaint, this Defendant states that this paragraph is not directed to this Defendant and therefore a response is not due.

461. In response to Paragraph 461 of the Plaintiff's First Amended Complaint, this Defendant states that this paragraph is not directed to this Defendant and therefore a response is not due.

462. In response to Paragraph 462 of the Plaintiff's First Amended Complaint, this Defendant states that this paragraph is not directed to this Defendant and therefore a response is not due.

463. In response to Paragraph 463 of the Plaintiff's First Amended Complaint, denied.

464. In response to Paragraph 464 of the Plaintiff's First Amended Complaint, denied.

465. In response to Paragraph 465 of the Plaintiff's First Amended Complaint, denied.

466. In response to Paragraph 466 of the Plaintiff's First Amended Complaint, this Defendant states that this paragraph is not directed to this Defendant and therefore a response is not due.

467. In response to Paragraph 467 of the Plaintiff's First Amended Complaint, this Defendant states that this paragraph is not directed to this Defendant and therefore a response is not due.

468. In response to Paragraph 468 of the Plaintiff's First Amended Complaint, this Defendant states that this paragraph is not directed to this Defendant and therefore a response is not due.

469. In response to Paragraph 469 of the Plaintiff's First Amended Complaint, this Defendant states that this paragraph is not directed to this Defendant and therefore a response is not due.

470. In response to Paragraph 470 of the Plaintiff's First Amended Complaint, this Defendant adopts and incorporates Paragraphs 1 through 469 as if fully set forth herein.

471. In response to Paragraph 471 of the Plaintiff's First Amended Complaint, this Defendant states that this paragraph is not directed to this Defendant and therefore a response is not due.

472. In response to Paragraph 472 of the Plaintiff's First Amended Complaint, this Defendant states that this paragraph is not directed to this Defendant and therefore a response is not due.

473. In response to Paragraph 473 of the Plaintiff's First Amended Complaint, this Defendant states that this paragraph is not directed to this Defendant and therefore a response is not due.

474. In response to Paragraph 474 of the Plaintiff's First Amended Complaint, this Defendant states that this paragraph is not directed to this Defendant and therefore a response is not due.

475. In response to Paragraph 475 of the Plaintiff's First Amended Complaint, denied.

476. In response to Paragraph 476 of the Plaintiff's First Amended Complaint, denied.

477. In response to Paragraph 477 of the Plaintiff's First Amended Complaint, denied.

478. In response to Paragraph 478 of the Plaintiff's First Amended Complaint, this Defendant states that this paragraph is not directed to this Defendant and therefore a response is not due.

479. In response to Paragraph 479 of the Plaintiff's First Amended Complaint, this Defendant states that this paragraph is not directed to this Defendant and therefore a response is not due.

480. In response to Paragraph 480 of the Plaintiff's First Amended Complaint, this Defendant states that this paragraph is not directed to this Defendant and therefore a response is not due.

481. In response to Paragraph 481 of the Plaintiff's First Amended Complaint, this Defendant states that this paragraph is not directed to this Defendant and therefore a response is not due.

482. In response to Paragraph 482 of the Plaintiff's First Amended Complaint, this Defendant adopts and incorporates Paragraphs 1 through 481 as if fully set forth herein.

483. In response to Paragraph 483 of the Plaintiff's First Amended Complaint, this Defendant states that the Eighth and Fourteenth Amendments to the United States Constitution speak for themselves.

484. In response to Paragraph 484 of the Plaintiff's First Amended Complaint, this Defendant does not deny that Mr. Prim had serious medical issues

subsequent to an incident that took place during his incarceration with the Alabama Department of Corrections.

485. In response to Paragraph 485 of the Plaintiff's First Amended Complaint, this Defendant does not deny that Mr. Prim had serious medical issues subsequent to an incident that took place during his incarceration with the Alabama Department of Corrections.

486. In response to Paragraph 486 of the Plaintiff's First Amended Complaint, denied.

487. In response to Paragraph 487 of the Plaintiff's First Amended Complaint, denied.

488. In response to Paragraph 488 of the Plaintiff's First Amended Complaint, denied.

489. In response to Paragraph 489 of the Plaintiff's First Amended Complaint, denied.

490. In response to Paragraph 490 of the Plaintiff's First Amended Complaint, denied.

491. In response to Paragraph 491 of the Plaintiff's First Amended Complaint, denied.

492. In response to Paragraph 492 of the Plaintiff's First Amended Complaint, this Defendant denies that the Plaintiff is entitled to the relief which they seek.

493. In response to Paragraph 493 of the Plaintiff's First Amended Complaint, this Defendant adopts and incorporates its responses to Paragraphs 1 through 492 as if fully set forth herein.

494. In response to Paragraph 494 of the Plaintiff's First Amended Complaint, this Defendant states that the Eighth and Fourteenth Amendments to the United States Constitution speak for themselves.

495. In response to Paragraph 495 of the Plaintiff's First Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 495, therefore, denied.

496. In response to Paragraph 496 of the Plaintiff's First Amended Complaint, this Defendant does not deny that Mr. Prim had serious medical issues subsequent to an incident that took place during his incarceration with the Alabama Department of Corrections.

497. In response to Paragraph 497 of the Plaintiff's First Amended Complaint, this Defendant does not deny that Mr. Prim had serious medical issues subsequent to an incident that took place during his incarceration with the Alabama Department of Corrections.

498. In response to Paragraph 498 of the Plaintiff's First Amended Complaint, denied.

499. In response to Paragraph 499 of the Plaintiff's First Amended Complaint, denied.

500. In response to Paragraph 500 of the Plaintiff's First Amended Complaint, denied.

501. In response to Paragraph 501 of the Plaintiff's First Amended Complaint, denied.

502. In response to Paragraph 502 of the Plaintiff's First Amended Complaint, denied.

503. In response to Paragraph 503 of the Plaintiff's First Amended Complaint, this Defendant denies that Mr. Prim was ever treated with deliberate indifference.

504. In response to Paragraph 504 of the Plaintiff's First Amended Complaint, this Defendant denies that the Plaintiff is entitled to the relief which they seek.

505. In response to Paragraph 505 of the Plaintiff's First Amended Complaint, this Defendant adopts and incorporates its responses to Paragraphs 1 through 504 as if fully set forth herein.

506.     In  response  to  Paragraph  506  of  the  Plaintiff's  First  Amended Complaint, this Defendant states that the Eighth and Fourteenth Amendments to the United States Constitution speak for themselves.

507.     In  response  to  Paragraph  507  of  the  Plaintiff's  First  Amended Complaint, this Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 507, therefore, denied.

508.     In  response  to  Paragraph  508  of  the  Plaintiff's  First  Amended Complaint, this Defendant does not deny that Mr. Prim had serious medical issues subsequent to an incident that took place during his incarceration with the Alabama Department of Corrections.

509.     In  response  to  Paragraph  509  of  the  Plaintiff's  First  Amended Complaint, this Defendant does not deny that Mr. Prim had serious medical issues subsequent to an incident that took place during his incarceration with the Alabama Department of Corrections.

510.     In  response  to  Paragraph  510  of  the  Plaintiff's  First  Amended Complaint, denied.

511.     In  response  to  Paragraph  511  of  the  Plaintiff's  First  Amended Complaint, denied.

512.     In  response  to  Paragraph  512  of  the  Plaintiff's  First  Amended Complaint, denied.

513. In response to Paragraph 513 of the Plaintiff's First Amended Complaint, denied.

514. In response to Paragraph 514 of the Plaintiff's First Amended Complaint, denied.

515. In response to Paragraph 515 of the Plaintiff's First Amended Complaint, this Defendant denies that Mr. Prim was ever treated with deliberate indifference.

516. In response to Paragraph 516 of the Plaintiff's First Amended Complaint, this Defendant denies that the Plaintiff is entitled to the relief which they seek.

517. In response to Paragraph 517 of the Plaintiff's First Amended Complaint, this Defendant adopts and incorporates Paragraphs 1 through 516 as if fully set forth herein.

518. In response to Paragraph 518 of the Plaintiff's First Amended Complaint, this Defendant states that this paragraph is not directed to this Defendant and therefore a response is not due.

519. In response to Paragraph 519 of the Plaintiff's First Amended Complaint, denied.

520. In response to Paragraph 520 of the Plaintiff's First Amended Complaint, denied.

521. In response to Paragraph 521 of the Plaintiff's First Amended Complaint, denied.

522. In response to Paragraph 522 of the Plaintiff's First Amended Complaint, denied.

523. In response to Paragraph 523 of the Plaintiff's First Amended Complaint, denied.

524. In response to Paragraph 524 of the Plaintiff's First Amended Complaint, denied.

525. In response to Paragraph 525 of the Plaintiff's First Amended Complaint, denied.

526. In response to Paragraph 526 of the Plaintiff's First Amended Complaint, denied.

527. In response to Paragraph 527 of the Plaintiff's First Amended Complaint, this Defendant states that the Plaintiff is not entitled to the relief which is sought. Furthermore, the Defendant denies the allegations set forth in Paragraph 527.

528. In response to Paragraph 528 of the Plaintiff's First Amended Complaint, this Defendant adopts and incorporates Paragraphs 1 through 527 as if fully set out herein.

529. In response to Paragraph 529 of the Plaintiff's First Amended Complaint, this Defendant states that this paragraph is not directed to this Defendant and therefore a response is not due.

530. In response to Paragraph 530 of the Plaintiff's First Amended Complaint, denied.

531. In response to Paragraph 531 of the Plaintiff's First Amended Complaint, denied.

532. In response to Paragraph 532 of the Plaintiff's First Amended Complaint, denied.

533. In response to Paragraph 533 of the Plaintiff's First Amended Complaint, denied.

534. In response to Paragraph 534 of the Plaintiff's First Amended Complaint, denied.

535. In response to Paragraph 535 of the Plaintiff's First Amended Complaint, denied.

536. In response to Paragraph 536 of the Plaintiff's First Amended Complaint, denied.

537. In response to Paragraph 537 of the Plaintiff's First Amended Complaint, denied.

538. In response to Paragraph 538 of the Plaintiff's First Amended Complaint, this Defendant states that the Plaintiff is not entitled to the relief which is sought. Furthermore, the Defendant denies the allegations set forth in Paragraph 538.

539. In response to Paragraph 539 of the Plaintiff's First Amended Complaint, this Defendant adopts and incorporates Paragraphs 1 through 538 as if fully set out herein.

540. In response to Paragraph 540 of the Plaintiff's First Amended Complaint, this Defendant states that this paragraph is not directed to this Defendant and therefore a response is not due.

541. In response to Paragraph 541 of the Plaintiff's First Amended Complaint, denied.

542. In response to Paragraph 542 of the Plaintiff's First Amended Complaint, denied.

543. In response to Paragraph 543 of the Plaintiff's First Amended Complaint, denied.

544. In response to Paragraph 544 of the Plaintiff's First Amended Complaint, denied.

545. In response to Paragraph 545 of the Plaintiff's First Amended Complaint, denied.

546. In response to Paragraph 546 of the Plaintiff's First Amended Complaint, denied.

547. In response to Paragraph 547 of the Plaintiff's First Amended Complaint, denied.

548. In response to Paragraph 548 of the Plaintiff's First Amended Complaint, denied.

549. In response to Paragraph 549 of the Plaintiff's First Amended Complaint, this Defendant states that the Plaintiff is not entitled to the relief which is sought. Furthermore, the Defendant denies the allegations set forth in Paragraph 549.

550. In response to Paragraph 550 of the Plaintiff's First Amended Complaint, this Defendant adopts and incorporates its responses to Paragraphs 1 through 549 as if fully set forth herein.

551. In response to Paragraph 551 of the Plaintiff's First Amended Complaint, this Defendant adopts and incorporates its responses to Paragraphs 1 through 550 as if fully set forth herein.

552. In response to Paragraph 552 of the Plaintiff's First Amended Complaint, this Defendant states that this paragraph is not directed to this Defendant and therefore a response is not due.

553. In response to Paragraph 553 of the Plaintiff's First Amended Complaint, denied.

554. In response to Paragraph 554 of the Plaintiff's First Amended Complaint, denied.

555. In response to Paragraph 555 of the Plaintiff's First Amended Complaint, denied.

556. In response to Paragraph 556 of the Plaintiff's First Amended Complaint, denied.

557. In response to Paragraph 557 of the Plaintiff's First Amended Complaint, denied.

558. In response to Paragraph 558 of the Plaintiff's First Amended Complaint, denied.

559. In response to Paragraph 559 of the Plaintiff's First Amended Complaint, denied.

560. In response to Paragraph 560 of the Plaintiff's First Amended Complaint, denied.

561. In response to Paragraph 561 of the Plaintiff's First Amended Complaint, this Defendant states that the Plaintiff is not entitled to the relief which is sought. Furthermore, the Defendant denies the allegations set forth in Paragraph 561.

562. In response to Paragraph 562 of the Plaintiff's First Amended Complaint, this Defendant adopts and incorporates Paragraphs 1 through 561 as if fully set forth herein.

563. In response to Paragraph 563 of the Plaintiff's First Amended Complaint, this Defendant states that this paragraph is not directed to this Defendant and therefore a response is not due.

564. In response to Paragraph 564 of the Plaintiff's First Amended Complaint, denied.

565. In response to Paragraph 565 of the Plaintiff's First Amended Complaint, denied.

566. In response to Paragraph 566 of the Plaintiff's First Amended Complaint, denied.

567. In response to Paragraph 567 of the Plaintiff's First Amended Complaint, denied.

568. In response to Paragraph 568 of the Plaintiff's First Amended Complaint, denied.

569. In response to Paragraph 569 of the Plaintiff's First Amended Complaint, denied.

570. In response to Paragraph 570 of the Plaintiff's First Amended Complaint, denied.

571. In response to Paragraph 571 of the Plaintiff's First Amended Complaint, denied.

572. In response to Paragraph 572 of the Plaintiff's First Amended Complaint, this Defendant states that the Plaintiff is not entitled to the relief which is sought. Furthermore, the Defendant denies the allegations set forth in Paragraph 572.

573. In response to Paragraph 573 of the Plaintiff's First Amended Complaint, this Defendant adopts and incorporates Paragraphs 1 through 572 as if fully set forth herein.

574. In response to Paragraph 574 of the Plaintiff's First Amended Complaint, this Defendant denies that it or any of its medical providers deprived Mr. Prim appropriate and necessary medical treatment.

575. In response to Paragraph 575 of the Plaintiff's First Amended Complaint, denied.

576. In response to Paragraph 576 of the Plaintiff's First Amended Complaint, denied.

577. In response to Paragraph 577 of the Plaintiff's First Amended Complaint, denied.

578. In response to Paragraph 578 of the Plaintiff's First Amended Complaint, denied.

579. In response to Paragraph 579 of the Plaintiff's First Amended Complaint, denied.

580. In response to Paragraph 580 of the Plaintiff's First Amended Complaint, denied.

581. In response to Paragraph 581 of the Plaintiff's First Amended Complaint, denied.

582. In response to Paragraph 582 of the Plaintiff's First Amended Complaint, this Defendant denies that it or any of its medical providers deprived Mr. Prim appropriate and necessary medical treatment.

583. In response to Paragraph 583 of the Plaintiff's First Amended Complaint, this Defendant states that the Plaintiff is not entitled to the relief which is sought. Furthermore, the Defendant denies the allegations set forth in Paragraph 583.

584. In response to Paragraph 584 of the Plaintiff's First Amended Complaint, this Defendant adopts and incorporates Paragraphs 1 through 583 as if fully set forth herein.

585. In response to Paragraph 585 of the Plaintiff's First Amended Complaint, this Defendant denies that it or any of its medical providers deprived Mr. Prim appropriate and necessary medical treatment.

586. In response to Paragraph 586 of the Plaintiff's First Amended Complaint, denied.

587. In response to Paragraph 587 of the Plaintiff's First Amended Complaint, denied.

588. In response to Paragraph 588 of the Plaintiff's First Amended Complaint, denied.

589. In response to Paragraph 589 of the Plaintiff's First Amended Complaint, denied.

590. In response to Paragraph 590 of the Plaintiff's First Amended Complaint, denied.

591. In response to Paragraph 591 of the Plaintiff's First Amended Complaint, denied.

592. In response to Paragraph 592 of the Plaintiff's First Amended Complaint, denied.

593. In response to Paragraph 593 of the Plaintiff's First Amended Complaint, this Defendant denies that it or any of its medical providers deprived Mr. Prim appropriate and necessary medical treatment.

594. In response to Paragraph 594 of the Plaintiff's First Amended Complaint, this Defendant states that the Plaintiff is not entitled to the relief which

is sought. Furthermore, the Defendant denies the allegations set forth in Paragraph 594.

595. In response to Paragraph 595 of the Plaintiff's First Amended Complaint, this Defendant adopts and incorporates its responses to Paragraphs 1 through 594 as if fully set forth herein.

596. In response to Paragraph 596 of the Plaintiff's First Amended Complaint, this Defendant denies that it or any of its medical providers deprived Mr. Prim appropriate and necessary medical treatment.

597. In response to Paragraph 597 of the Plaintiff's First Amended Complaint, denied.

598. In response to Paragraph 598 of the Plaintiff's First Amended Complaint, denied.

599. In response to Paragraph 599 of the Plaintiff's First Amended Complaint, denied.

600. In response to Paragraph 600 of the Plaintiff's First Amended Complaint, denied.

601. In response to Paragraph 601 of the Plaintiff's First Amended Complaint, denied.

602. In response to Paragraph 602 of the Plaintiff's First Amended Complaint, denied.

603.    In   response   to   Paragraph   603   of   the   Plaintiff's   First   Amended Complaint, denied.

604.    In   response   to   Paragraph   604   of   the   Plaintiff's   First   Amended Complaint,   this   Defendant   denies   that   he   deprived   Mr.   Prim   appropriate   and necessary medical treatment.

605.    In   response   to   Paragraph   605   of   the   Plaintiff's   First   Amended Complaint, this Defendant states that the Plaintiff is not entitled to the relief which is sought. Furthermore, the Defendant denies the allegations set forth in Paragraph 605.

606.    In   response   to   Paragraph   606   of   the   Plaintiff's   First   Amended Complaint, this Defendant adopts and incorporates Paragraphs 1 through 605 as if fully set forth herein.

607.    In   response   to   Paragraph   607   of   the   Plaintiff's   First   Amended Complaint, this Defendant states that the allegations contained in Paragraph 607 do not pertain to this Defendant and therefore a response is not due.

608.    In   response   to   Paragraph   608   of   the   Plaintiff's   First   Amended Complaint, denied.

609.    In   response   to   Paragraph   609   of   the   Plaintiff's   First   Amended Complaint, denied.

610. In response to Paragraph 610 of the Plaintiff's First Amended Complaint, denied.

611. In response to Paragraph 611 of the Plaintiff's First Amended Complaint, this Defendant adopts and incorporates Paragraphs 1 through 610 as if fully set forth herein.

612. In response to Paragraph 612 of the Plaintiff's First Amended Complaint, this Defendant states that the allegations contained in Paragraph 612 do not pertain to this Defendant and therefore a response is not due.

613. In response to Paragraph 613 of the Plaintiff's First Amended Complaint, this Defendant states that the allegations contained in Paragraph 613 do not pertain to this Defendant and therefore a response is not due.

614. In response to Paragraph 614 of the Plaintiff's First Amended Complaint, this Defendant states that the allegations contained in Paragraph 614 do not pertain to this Defendant and therefore a response is not due.

615. In response to Paragraph 615 of the Plaintiff's First Amended Complaint, this Defendant states that the allegations contained in Paragraph 615 do not pertain to this Defendant and therefore a response is not due.

616. In response to Paragraph 616 of the Plaintiff's First Amended Complaint, this Defendant states that the allegations contained in Paragraph 616 do not pertain to this Defendant and therefore a response is not due.

617. In response to Paragraph 617 of the Plaintiff's First Amended Complaint, this Defendant states that the allegations contained in Paragraph 617 do not pertain to this Defendant and therefore a response is not due.

618. In response to Paragraph 618 of the Plaintiff's First Amended Complaint, this Defendant states that the allegations contained in Paragraph 618 do not pertain to this Defendant and therefore a response is not due.

619. In response to Paragraph 619 of the Plaintiff's First Amended Complaint, this Defendant states that the allegations contained in Paragraph 619 do not pertain to this Defendant and therefore a response is not due.

620. In response to Paragraph 620 of the Plaintiff's First Amended Complaint, this Defendant states that the allegations contained in Paragraph 620 do not pertain to this Defendant and therefore a response is not due.

621. In response to Paragraph 621 of the Plaintiff's First Amended Complaint, this Defendant adopts and incorporates its responses in Paragraphs 1 through 620 as if fully set forth herein.

622. In response to Paragraph 622 of the Plaintiff's First Amended Complaint, this Defendant states that at all times the treatment of Mr. Prim during Mr. Prim's incarceration with the Alabama Department of Corrections met or exceeded the necessary standard of care.

623. In response to Paragraph 623 of the Plaintiff's First Amended Complaint, denied.

624. In response to Paragraph 624 of the Plaintiff's First Amended Complaint, denied.

625. In response to Paragraph 625 of the Plaintiff's First Amended Complaint, denied.

626. In response to Paragraph 626 of the Plaintiff's First Amended Complaint, this Defendant states that the Plaintiff is not entitled to the relief which is sought. Furthermore, the Defendant denies the allegations set forth in Paragraph 626.

627. In response to Paragraph 627 of the Plaintiff's First Amended Complaint, this Defendant adopts and incorporates its responses to Paragraphs 1 through 627 as if fully set forth herein.

628. In response to Paragraph 628 of the Plaintiff's First Amended Complaint, this Defendant states that the allegations contained in Paragraph 628 do not pertain to this Defendant and therefore a response is not due.

629. In response to Paragraph 629 of the Plaintiff's First Amended Complaint, this Defendant states that the allegations contained in Paragraph 629 do not pertain to this Defendant and therefore a response is not due.

630. In response to Paragraph 630 of the Plaintiff's First Amended Complaint, this Defendant states that the allegations contained in Paragraph 630 do not pertain to this Defendant and therefore a response is not due.

631. In response to Paragraph 631 of the Plaintiff's First Amended Complaint, this Defendant states that the allegations contained in Paragraph 631 do not pertain to this Defendant and therefore a response is not due.

632. In response to Paragraph 632 of the Plaintiff's First Amended Complaint, this Defendant states that the Plaintiff is not entitled to the relief which is sought. Furthermore, the Defendant denies the allegations set forth in Paragraph 632.

633. In response to Paragraph 633 of the Plaintiff's First Amended Complaint, this Defendant adopts and incorporates its responses to Paragraphs 1 through 632 as if fully set forth herein.

634. In response to Paragraph 634 of the Plaintiff's First Amended Complaint, this Defendant states that the Complaint speaks for itself.

635. In response to Paragraph 635 of the Plaintiff's First Amended Complaint, this Defendant states that Mr. Prim was at all times treated within the standard of care of medical providers in the state of Alabama and never treated with deliberate indifference and this Defendant denies that Mr. Prim was ever caused unnecessary and unwarranted harm.

636. In response to Paragraph 636 of the Plaintiff's First Amended Complaint, denied.

637. In response to Paragraph 637 of the Plaintiff's First Amended Complaint, denied.

638. In response to Paragraph 638 of the Plaintiff's First Amended Complaint, denied.

639. In response to Paragraph 639 of the Plaintiff's First Amended Complaint, denied.

640. In response to Paragraph 640 of the Plaintiff's First Amended Complaint, this Defendant states that the Plaintiff is not entitled to the relief which is sought. Furthermore, the Defendant denies the allegations set forth in Paragraph 640.

## AFFIRMATIVE AND OTHER DEFENSES

### 1.

The Plaintiff's First Amended Complaint fails to state a claim against this Defendant for which relief can be granted.

### 2.

Plaintiff's claims are barred by the doctrine of contributory negligence and/or last clear chance.

3.

Plaintiff's claims are barred by the doctrine of assumption of the risk.

4.

Plaintiff's claims are barred by the doctrine of latches.

5.

Plaintiff's claims are barred by the statute of limitations.

6.

Plaintiff's claims are barred by the doctrine of waiver.

7.

Plaintiff lacks standing to bring this action.

8.

Plaintiff's claims are barred by the doctrine of unclean hands.

9.

Plaintiff's claims are barred by the doctrine of qualified immunity.

10.

Plaintiff's claims are barred by the doctrine of sovereign immunity.

11.

Plaintiff's claims are barred by the doctrine of estoppel.

12.

Plaintiff's claims are barred by the doctrine of *res judicata* and/or collateral

estoppel.

13.

Plaintiff's claims are barred, in whole or in part, because of the failure to mitigate damages.

14.

This Defendant avers that the wrongs and damages alleged by Plaintiff were caused solely by the acts and/or omissions of persons and/or entities for whom or the defendant is not responsible.

15.

Plaintiff's claims are barred because this Defendant did not breach any duty allegedly owed to Plaintiff.

16.

Plaintiff's claims are barred because there is no causal relationship, legal or proximate, between any actions or failures to act by this Defendant and the Plaintiff's alleged injuries and damages.

17.

Plaintiff's claims are barred because of the existence of superseding, intervening causes.

18.

Plaintiff's claims are barred because of the lack of damages suffered due to any of the alleged wrongs asserted against this Defendant.

19.

Plaintiff's claims are barred because the actions asserted are "frivolous, malicious, and fails to state a claim upon which relief can be granted." 42 U.S.C. § 1997e(a)(2005).

20.

Plaintiff's claims are barred because the Plaintiff is seeking to question a medical judgment via 42 U.S.C. § 1983.

21.

Plaintiff's claims are barred because this Defendant did not act with deliberate indifference. *Estelle v. Gamble,* 429 U.S. 97 (1976).

22.

To the extent Plaintiff seeks to recover any attorney fees, this Defendant objects to any and all such requests for fees that are not asserted in the Complaint or otherwise approved by Court Order.

23.

Plaintiff's claims for punitive damages violate this Defendant's United States and Alabama Constitutional protections from, including without limitation,

excessive fines, cruel and unusual punishment, denial of due process and denial of equal protection of the law.

24.

This Defendant adopts and asserts all defenses contained in the Alabama Medical Liability Act, § 6-5-481 *et seq.*, and § 6-5-542 *et seq.*

25.

This Defendant asserts that the Plaintiff's First Amended Complaint is frivolous and filed in bad faith solely for the purpose of harassment and intimidation, and request this Court, pursuant to 42 U.S.C. § 1988, to award this Defendant reasonable attorney fees and costs incurred in the defense of this case.

26.

As affirmative defenses to this claim, this Defendant asserts the provisions, separately and severally, of The Alabama Medical Liability Act, The Alabama Medical Liability Act of 1987, The Alabama Medical Liability Act of 1996, and all amendments to those Acts, and specifically pleads in defense to this action the applicability of sections 6-5-481, 6-5-482, 6-5-484, 6-5-486, 6-5-487, 6-5-488, 6-5-542, 6-5-543, 6-5-544, 6-5-545, 6-5-546, 6-5-547, 6-5-548, 6-5-549, 6-5-549.1, 6-5-550, 6-5-551 and 6-5-552.

27.

This Defendant incorporates by reference any affirmative defense, pled now or later, by any other Defendants which would be applicable to the claims against this Defendant.

28.

This Defendant reserves the right to raise different, additional defenses as discovery proceeds.

29.

Except to the extent specifically admitted, this defendant denies each and every material allegation of Plaintiff's complaint, demands strict proof thereof, and specifically denies: (1) that this defendant was guilty of any medical negligence, wantonness, or breach of the applicable standards of care at the times and places set forth in the complaint; (2) that Plaintiff was caused to suffer any injury as the proximate result of any medical negligence, wantonness, or breach of the applicable standard of care on this Defendant's part at the times and places set forth in the complaint; and (3) that plaintiff is entitled to recover any damages against it.

30.

This defendant asserts the provisions, separately and severally, of The Alabama Medical Liability Acts of 1975, 1987, 1996, and 2000, and all amendments to those Acts.

31.

To the extent that the Plaintiff asserts a claim as to any matters that are barred by the applicable statutes of limitation, limitation of action, or statute of repose, this defendant pleads the statute of limitations or repose as an affirmative defense. Specifically, but without waiver of any other applicable limitation of action, this defendant pleads the limitation of action set forth in Code of Alabama §6-5-482 and/or §6-5-410.

32.

To the extent the Plaintiff lacks standing, capacity, or either, to bring this cause of action, this defendant pleads lack of standing and lack of capacity as affirmative defenses.

33.

While this defendant denies that Plaintiff is entitled to any relief against him, this defendant  hereby asserts the provisions of § 6-5-543 of the Alabama Code and gives notice that any recovery against him can only be had in accordance with and subject to that provision.

34.

While this defendant denies that Plaintiff is entitled to any relief against him, this defendant hereby asserts the provisions of § 6-5-544 of the Alabama Code and pleads the limitations of this provision as an affirmative defense.

35.

Plaintiff is not entitled to recover punitive damages pursuant to Alabama Code § 6-11-20 through § 6-11-30, and thereby any claim for such damages is barred.

36.

Any award of punitive damages in this case is subject to the limitations on punitive damages established by the Alabama Legislature in Sections 6-11-20 and 6-11-21, including, without limitation:

(a).    the statutory ceiling on punitive damages;

(b).    the statutory abolition of joint and several liability among tortfeasors for punitive damages; and

(c).    the requirement that the Plaintiff prove by clear and convincing evidence that Wexford consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the Plaintiff.

37.

Plaintiff's claims are subject to the limitations and protections of Section 6-11-27 of the Alabama Code.

38.

This defendant affirmatively pleads all applicable immunities, including but not limited to, qualified, absolute, discretionary function, and state agent immunity to the extent permitted by law.

## 39.

Plaintiff's claims are barred because there is no causal relationship, legal or proximate, between any actions or failures to act by this defendant and the Plaintiff's alleged injuries and damages.

## 40.

Plaintiff's claims are barred because the alleged injuries were actually or proximately caused by intervening or superseding causes, independent third parties, or by events over which this defendant had no control.

## 41.

This defendant avers that the wrongs and damages alleged by Plaintiff were caused solely by the acts or omissions of persons or entities for whom this defendant is not responsible.

## 42.

To the extent Plaintiff seeks to recover any attorney fees, this defendant objects to any and all such requests for fees that are not asserted in the Complaint or otherwise approved by Court Order.

## 43.

Plaintiff's Complaint is an improper pleading under the Alabama Medical Liability Act, Ala. Code § 6-5-551.

## 44.

Plaintiff's claims are barred by the doctrine of efficient intervening cause.

45.

This defendant acted in good faith at all times relevant to the Complaint.

46.

The Alabama Legislature passed Ala. Code § 6-5-547 as part of the Medical Liability Act of 1987. Section 6-5-547 places a limitation in regard to the amount of any judgment that may be rendered against a health care provider in actions commenced pursuant to § 6-5-391 or § 6-5-410. Section 6-5-547 reads in pertinent part as follows:

> "In any action commenced pursuant to Section 6-5-391 or Section 6-5-410, against a health care provider whether in contact or in tort based on a breach of the standard of care the amount of judgment entered in favor of the plaintiff shall not exceed the sum of $1,000,000…"

The Supreme Court of Alabama declared § 6-5-547 unconstitutional in *Smith v. Schulte*, 671 So. 2d 1334 (Ala. 1995). The Supreme Court of Alabama abrogated its holding in *Schulte* in *Ex Parte Andrew Anthony Apicella*. 2001 WL 306906 (Ala.). In *Apicella*, the Supreme Court addressed whether the statute permitting a trial court to overrule a jury's sentencing recommendation in a capital case violates the right to a jury trial under the State Constitution. *Id*. at *1. In addressing this issue, the Supreme Court also addressed its holding in Schulte that § 6-5-547 violated the right to trial by jury in a wrongful death action based on medical malpractice. In its

holding, the Supreme Court stated as follows in regard to its rulings in *Schulte* and

*Henderson v. Alabama Power Co.*, 627 So. 2d 878 (Ala. 1993):

> "To the extent they held that § 11 restricted the Legislature from
> removing from the jury the unbridled right to punish, *Henderson*
> and *Schulte* were wrongly decided."

*Id*. at *6.

Based on the holding in *Apicella*, this defendant asserts the provisions of § 6-5-547 of the Alabama Code (1975, as amended 1987) and asserts its constitutionality.

47.

This defendant denies that it is guilty of any conduct that warrants the issue of punitive damages being submitted to a jury.

48.

Any award of punitive damages to Plaintiff in this case would be in violation of the constitutional safeguards provided to this defendant under the Constitution of the State of Alabama.

49.

Any award of punitive damages to Plaintiff in this case would be in violation of the constitutional safeguards provided to this defendant under the Constitution of the United States of America.

50.

No punitive damages are warranted or allowable that would exceed comparable maximums established for criminal fines.

51.

Punitive damages cannot be sustained because of the lack of clarity in Alabama's standards for awarding punitive damages.

52.

Any claim for punitive damages, on its face or as applied in this case, is in violation of the Fifth Amendment to the Constitution of the United States; of the right to counsel provided by the Sixth Amendment to the Constitution of the United States; of the right to trial by jury of the Seventh Amendment to the Constitution of the United States; of the proportionality principles contained in the Eighth Amendment to the Constitution of the United States; the due process clause of the Fourteenth Amendment to the Constitution of the United States; and Article 1, §§ 1, 2, 6, 11, 13, 15, 27, and 35 of the Constitution of Alabama of 1901, and is improper under the common law and public policies of the State of Alabama and under applicable court rules and statutes for the following reasons, jointly and separately:

(a)    There are no standards provided by Alabama law for the imposition of punitive damages, and therefore, Wexford has not been

put on notice and given the opportunity to anticipate punitive liability and/or the potential size of the award and to modify or conform its conduct accordingly;

(b)     The procedures to be followed would permit an award of punitive damages against Wexford upon the satisfaction of a burden of persuasion (standard of proof) less than that applicable to the imposition of criminal sanctions for equal culpability;

(c)     The procedures to be followed could permit the award of multiple punitive damages for the same act or omission;

(d)     There are no provisions or standards for clear and consistent appellate review of any award of punitive damages against Wexford under present Alabama law;

(e)     The standards of conduct upon which punitive damages are sought against Wexford are vague and ambiguous;

(f)     The procedures used by courts under Alabama law and the guidelines given by the jurors, jointly and severally, are vague and ambiguous;

(g)     The procedures used by courts under Alabama law and guidelines given to jurors, jointly and separately, are vague and

ambiguous and, thus, impermissibly allow jurors broad, unlimited, and undefined power to make determinations on their notions of what the law should be instead of what it is;

(h)     The procedures under which punitive damages are awarded and the instructions used under Alabama law, jointly and separately, are vague and ambiguous and, thus, fail to eliminate the effects of, and to guard against, impermissible juror passion;

(i)     Present Alabama law does not provide for sufficiently objective and specific standards to be used by the jury in its deliberations on whether to award punitive damages and, if so, on the amount to be awarded;

(j)     Present Alabama law does not provide a meaningful opportunity for challenging the rational basis for, and any excessiveness of, any award of punitive damages;

(k)     Present Alabama law does not provide for adequate and independent review by the trial court and the appellate court of the imposition of punitive damages by a jury or of the amount of any punitive damage awarded by a jury;

(l)     Present   Alabama   procedures   fail   to   provide   a constitutionally reasonable limit on the amount of any punitive damage award against Defendant;

(m)     Present Alabama procedures may permit the admission of evidence relative to punitive damages in the same proceeding during which liability is determined;

(n)     Present Alabama procedures permit the imposition of joint and several judgments against multiple co-defendants for different acts and different degrees of wrongdoing or culpability; and

(o)     An award of punitive damages would compensate Plaintiff for elements of damage not otherwise recognized by Alabama law.

53.

Plaintiff's claims for the recovery of punitive damages are in contravention of this defendant's rights under each of the following constitutional provisions:

(a)     Article I, § 8 of the United States Constitution, as an impermissible burden on interstate commerce;

(b)     the Contracts Clause of Article 1, § 10 of the United States Constitution; (c) the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution;

(d)     the Equal Protection under the laws afforded by the Fourteenth Amendment to the United States Constitution;

(e)     the constitutional prohibition against vague and overly-broad laws;

(f)     the prohibition against ex post facto law in Article 1, § 22 of the Alabama Constitution;

(g)     the Contracts Clause of Article 1, § 22 of the Constitution of Alabama; and

(h)     the Due Process Clause of Article 1, §§ 6 and/or 13 of the Constitution of Alabama.

54.

An award of punitive damages in the circumstances of this case would clearly violate this defendant's due process rights as embraced by the Fifth and Fourteenth Amendment to the United States Constitution and by the due process clause of Article 1, §§ 6 and/or 13 of the Alabama Constitution, jointly and separately, as such award would constitute a deprivation of property without due process of law for the following reasons as separately stated herein.

(a)     There is no rational relationship between the punitive damage awards in Alabama and the alleged wrongfulness of a defendant's conduct and/or the compensatory damages awarded.

(b)     No rational relationship exists between the extent of punitive damages and legitimate interests to be advanced by the State of Alabama.

(c)     An award of punitive damages in this case would be penal in nature and, thus, would violate Wexford's constitutional rights under the United States Constitution and/or the Alabama Constitution unless Wexford is granted the procedural safeguards afforded criminal defendants including but not limited to constitutional safeguards against self-incrimination and a heightened standard of proof beyond a reasonable doubt.

(d)     The award of punitive damages on the basis of vicarious liability for the conduct of others violates this defendant's constitutional rights.

55.

The imposition of punitive damages in this case would be in denial of this defendant's right to equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution and Article 1, §§ 1, 6 and 22 of the Alabama Constitution. Specifically, this defendant is treated differently from criminal defendants that are charged for similar or identical alleged culpability. Alternatively, the absence of adequate and objective standards for guiding in the

assessment of punitive damages fails to insure the equality of treatment between and among similarly situated civil defendants.

56.

The assessment of punitive damages in this action would violate the Commerce Clause of Article 1, § 8 of the United States Constitution to the extent that such award punishes acts or omissions that have allegedly occurred solely outside of state boundaries.

57.

This defendant pleads the constitutional limitations set forth in *BMW of North America v. Gore*, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), *State Farm Mutual Insurance Automobile Insurance Co. v. Campbell*, 123 S. Ct. 1513 (Apr. 7, 2003), and *Horton Homes, Inc. v. Brooks*, 832 So. 2d 44 (Ala. 2001), since determination of the amount or proper circumstances for an award of punitive damages without consideration of these limitations would deny this defendant's due process of law in violation of the Fourteenth Amendment to the United States Constitution and in violation of the Alabama Constitution. This defendant adopts by reference whatever defenses, criteria, limitations, and standards are mandated by the

decisions of the Supreme Court of the United States and the Supreme Court of Alabama in those cases.

58.

An award of punitive damages in this case, if any, may not exceed $250,000.00. Ala. Code § 6-11-21 (Supp. 1987); *see Oliver v. Towns*, 1999 WL14675, *6 & n.7 (Ala. Jan. 15, 1999) ("[W]e question whether *Henderson* [*v. Alabama Power Co.*], 627 So. 2d 878 (Ala. 1993), remains good law.") (citing *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996); *Henderson*, 627 So. 2d at 894 (Maddox, J., concurring in part; dissenting in part); *Henderson*, 627 So. 2d at 903 (Houston, J., dissenting); and *Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1, 20 n.9 (1991)). In declaring § 6-11-21 unconstitutional in *Henderson*, the Alabama Supreme Court acted beyond the scope of its powers and violated the separation of powers clauses of the United States Constitution and the Alabama Constitution. Accordingly, the Court's action in *Henderson* was without effect, and Alabama Code § 6-11-21 applies in this case.

59.

To the extent that Plaintiff's demand for punitive damages may result in multiple punitive damage awards being assessed for the same act or omission against this defendant, this award contravenes this defendant's right to due process under the due process clause of Article 1, § 13 of the Alabama Constitution. In addition,

such awards would infringe upon this defendant's rights against double jeopardy insured by the Fifth Amendment of the United States Constitution and/or Article 1, § 9 of the Alabama Constitution.

60.

The procedures pursuant to which punitive damages are awarded subject civil defendants to punishment for the conduct of others through vicarious liability or through non-apportionment of damages among joint tortfeasors, in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article I §§ 1 and 6 of the Alabama Constitution.

61.

The procedures pursuant to which punitive damages are awarded expose civil defendants to the risk of undefinable, unlimited liability unrelated to actual loss, if any, caused by their conduct, creating a chilling effect on said this defendant's exercise of the right to a judicial resolution of this dispute.

62.

This defendant adopts the terms of any applicable legislative act or Alabama Supreme Court decision which now or hereafter precludes punitive damages or limits the amount of punitive damages which can be recovered in an action at law in Alabama.

63.

This defendant did not participate in, authorize, ratify, or benefit from the alleged wrongful acts that are asserted in the Complaint.

64.

Should this defendant be held liable to Plaintiff, which liability is specifically denied, this defendant would be entitled to a set-off for the total of all amounts paid to Plaintiff and/or Decedent from all collateral sources.

65.

This defendant adopts and incorporates by reference any defense asserted at any time by any co-defendant added to this case.

**RESERVATION OF DEFENSES**

This defendant reserves the right to amend its Answer and assert further affirmative defenses as they become evident through discovery or investigation.

Defendant demands a trial by jury.

Respectfully submitted,

/s/ *Philip G. Piggott*
PHILIP G. PIGGOTT (ASB-4379-P67P)
E-mail: ppiggott@websterhenry.com
WEBSTER, HENRY, BRADWELL, COHAN,
SPEAGLE AND DESHAZO, P.C.
Two Perimeter Park South, Suite 445 East
Birmingham, AL   35243
Telephone: 205-986-4400
Facsimile: 205-380-3485
Attorney for Defendant Walter Wilson,
M.D.

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, which will send notification of such filing to all parties of record:

Laura S Gibson
WHITE ARNOLD & DOWD, P.C.
2025 Third Avenue North
Suite 500
Birmingham, AL 35203

Curtis Hendrix Seal
WHITE, ARNOLD & DOWD
2025 3rd Avenue North, Ste. 500
Birmingham, AL 35203

Hansel Eli Lightner , II
WHITE ARNOLD & DOWD P.C.
2025 Third Avenue North, Ste. 500
Birmingham, AL 35203

Hope S Marshall
WHITE ARNOLD & DOWD PC
2025 Third Avenue North
Suite 500
Birmingham, AL 35203

J Mark White
WHITE ARNOLD & DOWD PC
2025 3rd Avenue North
Suite 500
Birmingham, AL 35203

William Chambers Waller , IV
WHITE ARNOLD & DOWD P.C.
2025 3rd Ave. N Ste 500
Birmingham, AL 35203

Kenneth S Steely
MAYNARD COOPER & GALE, PC
655 Gallatin Street SW
Huntsville, AL 35801

William R Lunsford
MAYNARD COOPER & GALE PC
655 Gallatin Street
Huntsville, AL 35801

Stephen C Rogers
MAYNARD COOPER & GALE PC
655 Gallatin Street SW
Huntsville, AL 35801

Christian Alexandra Montgomery
ROSEN HARWOOD
2200 Jack Warner Parkway Suite 200
Tuscaloosa, AL 35401

Terri Olive Tompkins
ROSEN HARDWOOD
2200 Jack Warner Parkway, Suite 200
Tuscaloosa, AL 35401

and I hereby certify that I have mailed by U. S. Postal Service the document to the following non-CM/ECF participants: None.

/s/ *Philip G. Piggott*
OF COUNSEL