IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| J. THOMAS PILCHER IV, as representative of the ESTATE OF JAMIE LAWRENCE PRIM, | )<br>)<br>)<br>)<br>) |
| Plaintiff, | ) |
| v. | )<br>) |
| JEFFERSON DUNN, *et al.*, | )<br>) |
| Defendants. | ) |

Case No. 4:21-CV-00204-ACA

**MOTION TO STRIKE OR, ALTERNATIVELY,
DISMISS THE SECOND AMENDED COMPLAINT**

Defendants Jefferson Dunn ("Commissioner Dunn"), Mark Fassl ("Fassl"), Grantt Culliver ("Culliver"), Ruth Naglich ("Naglich"), Cheryl Price ("Price"), Edward Ellington ("Ellington"), Karla Jones ("Jones"), and William Streeter ("Streeter," and, collectively with Commissioner Dunn, Fassl, Culliver, Naglich, Price, Ellington, and Jones, the "ADOC Officials") hereby submit this Motion to Strike or, in the Alternative, Dismiss the Second Amended Complaint (Doc. No. 90). As grounds for and in support of this Motion, the ADOC Officials state as follows:

1.  Plaintiff seeks to hold the eight (8) ADOC Officials personally and individually liable for injuries Plaintiff's decedent, Jamie Prim ("Prim"), allegedly sustained at the hands of another inmate at Fountain Correctional Facility

("Fountain") and for allegedly inadequate medical care Prim received at Fountain and St. Clair Correctional Facility ("St. Clair") between June 2018 and Prim's death on February 10, 2019.  Plaintiff does not allege that any of the ADOC Officials were present during the alleged attack at Fountain, nor does he allege that any of them personally provided medical care to Prim.  Instead, Plaintiff seeks to hold these public servants personally liable based solely on their positions as supervisors within ADOC.  Plaintiff fails to state a claim against any ADOC Official.

2.      **Plaintiff's Second Amended Complaint remains an impermissible shotgun pleading.**  This Court dismissed Plaintiff's initial complaint *sua sponte*, because the Complaint constituted an impermissible "shotgun pleading" that failed to give the ADOC Officials and other defendants adequate notice of the claims against them. (Doc. No. 14 at 2, citing Weiland v. Palm Bch. Cnty. Sheriff's Office, 792 F.3d 1313, 1321-22 (11th Cir. 2015)).  The Court ordered Plaintiff to file a new complaint containing "a separate count for each claim against one defendant, and the factual basis for that claim only." (Id. at 4).  Plaintiff filed an Amended Complaint (Doc. No. 20) on March 12, 2021.  Therein, Plaintiff made a token effort to separate some claims against some ADOC Officials into separate counts, but most of the counts continue to include claims against multiple defendants. More importantly, Plaintiff failed to follow this Court's instruction to "allege facts showing how one specific defendant's acts or omissions give rise to the claim, and

where applicable to certain [42 U.S.C.] § 1983 claims, facts showing how that specific defendant had requisite knowledge of underlying information sufficient to state a claim." (Doc. No. 14 at 4). Plaintiff's general and conclusory allegations still failed to put the ADOC Officials on notice of the claims against them.

3. Plaintiff filed a Motion for Leave to Amend First Amended Complaint (Doc. No. 86) on May 18, 2021, and, on May 28, 2021, filed the Second Amended Complaint. Despite a further attempt to remedy the pleading, Plaintiff's Second Amended Complaint continues to fail to adhere to the Court's instruction to include separate counts for each claim against each Defendant, still fails to allege anything more than general and conclusory allegations, and still fails to put the ADOC Officials on notice of the claims against them.

4. **The statute of limitations bars all claims that accrued before February 9, 2019.** The statute of limitations for a 42 U.S.C. § 1983 ("section 1983") claim in Alabama is two (2) years. McNair v. Allen, 515 F.3d 1168, 1173 (11th Cir. 2008). Plaintiff filed his action on February 9, 2021. (Doc. No. 1). Plaintiff alleges claims stemming from an alleged attack on Prim at Fountain on June 20, 2018, as well as medical care received by Prim between June 20, 2018, and February 10, 2019. The Second Amended Complaint does not suggest any reason these alleged injuries would not have been apparent to Prim at the time they occurred. Accordingly, the two-year statute of limitations bars all claims asserted in the

Second Amended Complaint based on events alleged to have occurred before February 9, 2019.

5. **Plaintiff's Complaint represents an impermissible attempt to avoid Eleventh Amendment and state-law immunity.** Eleventh Amendment immunity bars damages claims against ADOC directly or against its officials in their official capacities. Kentucky v. Graham, 473 U.S. 159, 169 (1985). Alabama law also bars state-law damages claims directly against state agencies such as ADOC and against state officials in their official capacities. Ex parte Moulton, 116 So. 3d 1119, 1140 (Ala. 2013). Plaintiff asserts each of his claims against the ADOC Officials in their individual capacity, in an attempted end-run around Eleventh Amendment and state sovereign immunity. However, Alabama law already contains a mechanism to address damages claims that sovereign immunity would otherwise bar. The Alabama Board of Adjustment possesses "'jurisdiction over claims against the state that are not justiciable in the courts because of the state's constitutional immunity from being made a defendant.'" Vaughan v. Sibley, 709 So. 2d 482, 486 (Ala. Civ. App. 1997) (quoting Lee v. Cunningham, 176 So. 477, 479 (Ala. 1937)). Therefore, to the extent Plaintiff seeks damages for injuries allegedly sustained by Prim while in ADOC's custody, the Alabama Board of Adjustment exists to adjudicate those claims.

6. **Plaintiff fails to state a section 1983 claim based on the alleged**

**attack at Fountain.** Plaintiff fails to allege that any ADOC Official directly participated in the unconstitutional conduct or that a causal connection exists between their conduct and the violation. Harrison v. Culliver, 746 F.3d 1288, 1299 (11th Cir. 1994). The standard for supervisory liability is "extremely rigorous." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003), abrogation in part on other grounds recognized by Stallworth v. Wilkins, 802 F. App'x 435 (11th Cir. 2020). Plaintiff fails to allege facts that satisfy this standard.

7. Moreover, the Second Amended Complaint fails to allege that any specific risk of harm existed as to Plaintiff, much less that the ADOC Officials knew of any such specific risk. Plaintiff cannot plausibly allege a deliberate indifference claim against the ADOC Officials utilizing generalized allegations of inmate-on-inmate violence. Marbury v. Warden, 936 F.3d 1227, 1234 (11th Cir. 2019).

8. **Plaintiff fails to state a section 1983 claim based on alleged inadequate medical care.** Plaintiff fails to allege that any ADOC Official participated directly in Prim's medical care. Instead, Plaintiff alleges that the ADOC Officials' alleged liability stems solely from their roles as supervisory employees. Moreover, this is not a case in which Plaintiff alleges a failure to provide medical care. To the contrary, Plaintiff alleges that Prim received outside medical care on at least eight (8) separate occasions. "[S]upervisory officials are entitled to rely on medical judgments made by medical professionals responsible for prisoner care."

5

Williams v. Limestone Cnty., Ala., 198 F. App'x 893, 897 (11th Cir. 2006).  Thus, Plaintiff fails to state a claim against any ADOC Official arising out of the medical care Prim received at Fountain and St. Clair.

9. **Qualified immunity protects the ADOC Officials from individual liability.**  Even if Plaintiff could allege an underlying constitutional violation, the ADOC Officials would still be entitled to qualified immunity.  "Qualified immunity offers 'complete protection for government officials sued in their individual capacities so long as 'their conduct violates no clearly established statutory or constitutional rights which a reasonable person would have known.'"  Lee v. Ferraro, 284 F.3d 1188, 1193-94 (11th Cir. 2002) (quoting Thomas v. Roberts, 261 F.3d 1160, 1170 (11th Cir. 2001)).  Plaintiff fails to allege the type of conduct necessary to overcome qualified immunity and impose personal liability on the ADOC Officials.

10. **State-agent immunity bars Plaintiff's state-law claims.**  Plaintiff's state-law claims for intentional infliction of emotional distress and negligence fail because state-agent immunity protects the ADOC Officials.  In Alabama, the defense of state-agent immunity protects an employee of a state government agency *against all civil liability* in the official's personal capacity arising from state law claims.  Ex parte Butts, 775 So. 2d 173, 177 (Ala. 2000).  Specifically, a state official receives immunity from all personal civil liability when the claim against the official arises

from the official "formulating plans, policies, or designs" and/or "exercising his or her judgment in the administration of a department or agency of government, including, but not limited to . . . making administrative adjudications . . ., allocating resources," or "hiring, firing, transferring, assigning, or supervising personnel . . . ." Id. at 177-78.  Plaintiff's claims fall within this well-recognized immunity.

11. **Plaintiff fails to state a state-law claim.**  Even if state-agent immunity did not protect the ADOC Officials, the Second Amended Complaint lacks specific allegations to make out an intentional infliction of emotional distress or wrongful death claim under Alabama law.

WHEREFORE, PREMISES CONSIDERED, the ADOC Officials respectfully request that the Court strike Plaintiff's Second Amended Complaint or, in the alternative, dismiss all claims asserted against the ADOC Officials by Plaintiff.

Dated:  June 25, 2021.

/s/ Stephen C. Rogers
Stephen C. Rogers
*Attorney for ADOC Officials*

William R. Lunsford
Stephen Rogers
Kenneth S. Steely
**MAYNARD, COOPER & GALE, P.C.**
655 Gallatin Street, S.W.
Huntsville, AL 35801
Telephone: (256) 512-5710
Facsimile: (256) 512-0119
blunsford@maynardcooper.com

srogers@maynardcooper.com
ksteely@maynardcooper.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served upon all parties in this matter, including without limitation the following, by the Court's CM/ECF system or by U.S. Mail on this the 25th day of June, 2021:

Laura S. Gibson
**WHITE ARNOLD & DOWD, P.C.**
2025 Third Avenue North, Suite 500
Birmingham, AL 35203
T: (205) 323-1888
F: (205) 323-8907
E: lgibson@whitearnolddowd.com

*Attorney for Plaintiff*

Phillip G. Piggott
**WEBSTER, HENRY, BRADWALL, COHAN, SPEAGLE & DESHAZO, P.C.**
Two Perimeter Park
Suite 445 East
Birmingham, AL 35243
T: (205) 533-4873
F: (334)
E: ppiggott@websterhenry.com

*Attorney for Wexford Defendants*

Terri O. Tompkins
C. Alexandra S. Montgomery
**ROSEN HARWOOD, P.A.**
2200 Jack Warner Parkway
Suite 200
Tuscaloosa, AL 35401
T: (205) 344-5000
E: ttompkins@rosenharwood.com
E: amontgomery@rosenharwood.com

*Attorneys for Carla Graham, Gary Malone, Kevin White, Raphael Santa-Maria, and Gwendolyn Givens*

/s/ Stephen C. Rogers
Of Counsel