FILED

2021 Jun-25  PM 03:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **J. THOMAS PILCHER, IV, as Personal** )( | |
| **Representative of the Estate of** )( | |
| **JAMIE LAWRENCE PRIM,** )( | |
| )( | |
| **Plaintiff** )( | |
| **v.** )( | |
| )( | |
| **JEFFERSON DUNN; MARK FASSL;** )( | **CIVIL ACTION NO.** |
| **GRANTT CULLIVER; RUTH** )( | **4:21-cv-00204-ACA** |
| **NAGLICH; CHERYL PRICE;** )( | |
| **EDWARD ELLINGTON; KARLA** )( | |
| **JONES; GWENDOLYN GIVENS;** )( | |
| **ANTHONY BROOKS; CARLA** )( | |
| **GRAHAM; GARY MALONE;** )( | |
| **KEVIN WHITE; RAPHAEL** )( | |
| **SANTA-MARIA, et al.** )( | |

## <u>MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT</u>

1

# **TABLE OF CONTENTS**

Table of Contents .................................................................................................2

Table of Authorities ............................................................................................3

Legal Standard ....................................................................................................5

Plaintiff's allegations .........................................................................................6

Argument..............................................................................................................8

    I.    The statue of limitations bars all of Plaintiff's Section 1983 claims that accrued before February 9, 2019 ..........................................................8

    II.    The Second Amended Complaint fails to state a claim for failure to protect against the St. Clair Facility Supervisors ................................12

    III.    Plaintiff seeks to hold the St. Clair Facility Supervisors personally responsible for events that occurred at Fountain and for claims that relate to other Defendants. ...............................................................17

    IV.    Plaintiff fails to state a Section 1983 Claim based on alleged inadequate medical care........................................................................................18

Conclusion .........................................................................................................18

Certificate of Service ........................................................................................20

# TABLE OF AUTHORITIES

## Cases

Ashcroft v. Iqbal, 556 U.S. 662 (2009) .................................................................5, 6

Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) .....................................................5

Braggs v Dunn, 257 F. Supp. 3d 1171 (M.D. Ala. 2017)........................................16

Brown v. Hughes, 894 F.2d 1533 (N.D. Ala. 1990)................................................14

Carter v. Galloway, 352 F.3d 1346 (11th Cir. 2003)..............................................16

Chatham v. Adcock, 334 F. App'x 281 (11th Cir. 2009) ...........................13, 14, 15

Conley v. Gibson, 355 U.S. 41 (1957) .......................................................................5

Franklin v. Curry, 738 F.3d 1246 (11th Cir. 2013) ..................................................6

Fuller v. Jesup Health Serv., Clinic Dir., No. 2:16-cv-42, 2017 WL 243986
    (S.D. Ga. Jan. 19, 2017) .......................................................................8, 10, 11

Hope v. Pelzer, 536 U.S. 730 (2002).......................................................................12

Knight v. Columbus, Ga., 19 F.3d 579 (11th Cir. 1994) ...........................................9

Lovett v. Ray, 327 F.3d 1181 (11th Cir. 2003) .........................................................9

Marbury v. Warden, 936 F.3d 1227 (11th Cir. 2019).................................13, 15, 16

McNair v. Allen, 515 F.3d 1168 (11th Cir. 2008).....................................................8

Michel v. Fed. Bureau of Prisons FCI, No. 7:16-cv-00863-RDP-HNJ, 2018 WL
    6579992 (N.D. Ala. Nov. 20, 2018) ...............................................................9

Murphy v. Turpin, 159 F. App'x 945 (11th Cir. 2005) .....................................13, 14

Oryang v. Mitchem, No. 2:19-cv-01615-AMM-HNJ, 2020 WL 8084993
    (N.D. Ala. Oct. 20, 2020) ......................................................8, 9, 10, 11, 12

Owens v. Sec'y of Fla. Dep't of Corr., 812 F. App'x 861
    (11th Cir. 2020) ...................................................................................12, 13, 15

Purcell v. Toombs Cty., Ga., 400 F.3d 1313 (11th Cir. 2005) ................................. 13

Robinson v. United States, 327 F. App'x 816 (11th Cir. 2007) .............................. 10

Rozar v. Mullis, 85 F.3d 556 (11th Cir. 1996) ..................................................... 9, 10

Wallace v. Kato, 549 U.S. 384 (2007) ..................................................................... 10

Wiley Fisher v. City of Montgomery, No. 2:10-CV-189-WKW, 2011 WL 671521
       (M.D. Ala. Feb. 17, 2011) ............................................................................. 9

Williams v. Limestone Cnty., Ala., 198 F. App'x 893 (11th Cir. 2006)................. 18

**Statutes**
ALA. CODE § 6-2-38 (1975) ..................................................................................... 8

**Other Authorities**
Fed. R. Civ. P. 12(b)(6)........................................................................................... 5

U.S. CONST. amend. VIII ......................................................................................... 12

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Carla Graham, Gary Malone, Kevin White, Rafael Santa-Maria, Gwendolyn Givens, and Anthony Brooks (hereinafter "the St. Clair Facility Supervisors")[1] hereby submit this Memorandum of Law in Support of Their Motion to Dismiss the Second Amended Complaint (Doc. No. 90) filed by Plaintiff J. Thomas Pilcher, IV.

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).

In addressing a pleading such as the Second Amended Complaint, when a plaintiff relies upon vague, conclusory allegations, a court must "first separat[e] out

---

[1] In the Plaintiff's Second Amended Complaint (Doc. 90), the Plaintiff includes Defendant Karla Jones as one of the St. Clair Facility Supervisors. Defendants Jones is represented by separate counsel and is not included in the St. Clair Facility Supervisors as that term is used in this Memorandum of Law and the Motion to Dismiss.

the complaint's conclusory legal allegations and then determin[e] whether the remaining well-pleaded factual allegations, accepted as true, 'plausibly give rise to an entitlement to relief[.]'" <u>Franklin v. Curry</u>, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting <u>Iqbal</u>, 556 U.S. at 679). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Iqbal</u>, 556 U.S. at 678. Without its labels, conclusions, and formulaic recitation of elements of causes of action, the Second Amended Complaint lacks well-pleaded factual allegations. <u>Id.</u> Accordingly, the Court should dismiss the Second Amended Complaint with prejudice.

## PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that, while incarcerated at Fountain Correctional Facility ("Fountain"), on June 20, 2018, Prim was attacked by another inmate, causing serious injuries. (Doc. No. 90, ¶ 4). Prim was transferred to St. Clair Correctional Facility ("St. Clair") on August 11, 2018, so that he "could receive regular dialysis." (Doc. No. 90, ¶ 151). Prim received outside medical care at Brookwood Medical Center ("Brookwood") between August 16 and 24, 2018; August 29 and 31, 2018; in October 2018; in December 2018; and in January 2019. (Doc. No. 90, ¶¶ 161, 162, 169-170, 176, 188). Prim received treatment at Brookwood from January 25, 2019, until his death on February 10, 2019. (Doc. No. 90, ¶ 201).

Plaintiff asserts claims against the St. Clair Facility Supervisors (and others,

including additional current and former ADOC officials, employees and ADOC's
medical contractor and certain of its employees) stemming both from the alleged
assault by another inmate at Fountain in June 2018 and the medical care Prim
received between June 2018 and his death in February 2019. Specifically, Plaintiff
asserts the following claims against the St. Clair Facility Supervisors:

> Count VII: Section 1983 Eighth and Fourteenth
> Amendment Failure to Protect against Givens and
> Brooks (Doc. No. 90, ¶¶ 406-429);

> Count VIII: Section 1983 Eighth and Fourteenth
> Amendment Failure to Protect against Graham,
> Malone, White, and Santa-Maria (Doc. No. 90, ¶¶
> 430-451);

> Count XV: Section 1983 Eighth Amendment
> Denial of Adequate Health Care against Givens
> and Brooks (Doc. No. 90, ¶¶ 542-553);

> Count XVI: Section 1983 Eighth Amendment
> Denial of Adequate Health Care against Graham,
> Malone, White, and Santa-Maria (Doc. No. 90, ¶¶
> 554-565);

> Count XXIII: Section 1983 Eighth and Fourteenth
> Amendment Deliberate Indifference to Serious
> Medical Needs against Givens and Brooks (Doc.
> No. 90, ¶¶ 634-644);

> Counts XXIV: Section 1983 Eighth and Fourteenth
> Amendment Deliberate Indifference to Serious
> Medical Needs against Graham, Malone, White,
> and Santa-Maria (Doc. No. 90, ¶¶ 645-655).

For the following reasons, the Second Amended Complaint fails to plead a plausible

claim against any of the St. Clair Facility Supervisors and is therefore subject to dismissal.

## **ARGUMENT**

## I. THE STATUTE OF LIMITATIONS BARS <u>ALL</u> OF PLAINTIFF'S SECTION 1983 CLAIMS THAT ACRRUED BEFORE FEBRUARY 9, 2019.

All claims alleged against the St. Clair Facility Supervisors in Plaintiff's Second Amended Complaint (Counts VII, VIII, XV, XVI, XXIII, XXIV) are barred by the statute of limitations. "[A]ll constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." <u>McNair v. Allen</u>, 515 F.3d 1168, 1173 (11th Cir. 2008) (citation omitted). Alabama's limitations period for personal injury actions is two (2) years. <u>See</u> <u>id.</u> (citing ALA. CODE § 6-2-38 (1975)). Plaintiff filed his original Complaint on February 9, 2021. (Doc. 1). Thus, given the applicable two-year statute of limitations, Plaintiff's claims must have accrued on or after February 9, 2019. <u>See generally</u> <u>id.</u>; <u>Oryang v. Mitchem</u>, No. 2:19-cv-01615-AMM-HNJ, 2020 WL 8084993, at *4 (N.D. Ala. Oct. 20, 2020). This is not the case here, however, as Plaintiff's claims against Defendants accrued before February 9, 2019, rendering them untimely. <u>See</u> <u>Fuller v. Jesup Health Serv., Clinic Dir.</u>, No. 2:16-cv-42, 2017 WL 243986 at *4 (S.D. Ga. Jan. 19, 2017). Plaintiff cannot rely on the continuing violation doctrine to escape the statute of limitations because he cannot employ the continuing violation doctrine to prolong the limitations period

following Prim's final transfer from St. Clair to Brookwood for medical treatment.

"[T]he Eleventh Circuit permits application of the continuing [violation] doctrine to constitutional torts." Michel v. Fed. Bureau of Prisons FCI, No. 7:16-cv-00863-RDP-HNJ, 2018 WL 6579992, at *5 (N.D. Ala. Nov. 20, 2018). Generally, the statute of limitations begins to run when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Lovett v. Ray, 327 F.3d 1181, 1182 (11th Cir. 2003) (internal quotations and citation omitted). But, "[t]he critical distinction in the continuing violation analysis is whether the plaintiff complains of the present consequence of a one-time violation, which does not extend the limitations period, or the continuation of that violation into the present, which does." See id. (quoting Knight v. Columbus, Ga., 19 F.3d 579, 580-81 (11th Cir. 1994)) (internal quotations and brackets omitted). Plaintiff's claims against these Defendants, which center on allegations of failure to protect him and to provide him needed and requested medical attention, would generally invoke the continuing violation doctrine. See Oryang, 2020 WL 8084993, at *4. However, "[t]his rule requires a court first to identify the alleged injuries, and then to determine when plaintiff could have sued for them." See Wiley Fisher v. City of Montgomery, No. 2:10-CV-189-WKW, 2011 WL 671521, at *6 (M.D. Ala. Feb. 17, 2011) (quoting Rozar v. Mullis, 85 F.3d 556, 562 (11th Cir. 1996)) (internal brackets omitted). "The cause of action accrues even though the full

extent of the injury is not then known or predictable." Id. (quoting Wallace v. Kato,
549 U.S. 384, 391 (2007)). "If the accrual rule were otherwise, the statute would
begin to run only after plaintiff became satisfied that he had been harmed enough
placing the supposed statute of repose in the sole hands of the party seeking relief."
Id. (internal quotations omitted).

Eleventh Circuit courts have firmly established that "[w]hen the violations
alleged involves continuing injury, the cause of action accrues, and the limitations
period begins to run, *at the time the unlawful conduct ceases.*" Oryang, 2020 WL
8084993, at *4 (quoting Robinson v. United States, 327 F. App'x 816, 818 (11th
Cir. 2007)) (emphasis added). In the context of prison inmate cases, Eleventh Circuit
courts have concluded that the continuing violation doctrine ends and a plaintiff-
inmate's claims accrue, *at the very latest,* on the date the plaintiff is transferred out
of the facility in which his claims are based. See e.g. id. at *4-5 (holding that
plaintiff's claims against defendants for refusal to provide or failure to intervene and
secure him adequate treatment accrued, at the latest, when plaintiff was transferred
out of each facility, as "the defendants at Kilby and St. Clair could no longer provide
or deny care after his…transfers from those institutions"); Fuller, 2017 WL 243986,
at *4-5 (finding plaintiff's claims untimely, where he filed suit in May 2012, but his
claims accrued, at the latest, in January 2010 because the continuing violation
doctrine did not extend the statute of limitations past January 2010 when plaintiff

was permanently transferred out of the facility in which his claims are based).

Identical to the untimely claims in <u>Oryang</u> and <u>Fuller</u>, Plaintiff's claims against the St. Clair Facility Supervisors are untimely, as his claims accrued, *at the very latest*, on January 25, 2019, when he was last transferred from St. Clair to Brookwood for medical treatment for the final time; he never returned to St. Clair. (Doc. 90, ¶ 201). As was the case in <u>Oryang</u> and <u>Fuller</u>, the continuing violation doctrine cannot operate to extend the statute of limitations period past the date in which Prim was last in the care of St. Clair, as any "alleged unlawful conduct by the individual defendants at th[is] facilit[y]…ceased when plaintiff was no longer under their care due to his transfer to [Brookwood]." See <u>Oryang</u>, 2020 WL 8084993, at *5.

From the time Prim was transferred to St. Clair until the date of his death, which was a five-month period, Prim was transferred out of St. Clair to Brookwood Hospital for medical treatment five times. (Doc. 90, ¶¶ 161, 169, 176, 188, 201). Thus, the statute of limitations would have accrued each of the five times Plaintiff was transferred from St. Clair to Brookwood. <u>See</u> <u>id.</u>; <u>Fuller</u>, 2017 WL 243986, at *4. Therefore, Plaintiff's claims accrued on or before each date on which he was transferred from St. Clair to Brookwood. (Doc. 90, ¶¶ 161, 169, 176, 188, 201). <u>See</u> <u>Oryang</u>, 2020 WL 8084993, at *5. The Second Amended Complaint does not suggest why these alleged injuries would not have been apparent at the time they

allegedly occurred. The last possible operative date on which Plaintiff could have timely filed his Complaint would have been January 25, 2019, not February 9, 2019. (Doc. 90, ¶ 201). <u>See</u> <u>id.</u> Accordingly, the statute of limitations bars <u>all</u> claims asserted in the Second Amended Complaint against the St. Clair Facility Supervisors based on events alleged to have occurred before January 25, 2019.

## II.   THE SECOND AMENDED COMPLAINT FAILS TO STATE A CLAIM FOR FAILURE TO PROTECT AGAINST THE ST. CLAIR FACILTY SUPERVISORS.

Even if this Court were to find Plaintiff's claims were not barred by the statute of limitations, his failure to protect (Counts VII and VIII) claims are due dismissal because they do not state grounds upon which relief can be granted. In Counts VII and VIII, Plaintiff alleges the St. Clair Facility Supervisors are liable under 42 U.S.C. § 1983 for failure to protect Prim. (Doc. 90, ¶¶ 413-51). Plaintiff's failure to protect claims are not viable because he has failed to allege a proper factual predicate upon which the claims are based.

The Eighth Amendment prohibits the infliction of cruel and unusual punishment. <u>See</u> U.S. Const. amend. VIII. The Supreme Court of the United States has "interpreted the Eight Amendment to prohibit deliberate indifference to an inmate's health or safety." <u>Owens v. Sec'y of Fla. Dep't of Corr.</u>, 812 F. App'x 861, 867 (11th Cir. 2020) (citing <u>Hope v. Pelzer</u>, 536 U.S. 730, 737-38 (2002)). The Eleventh Circuit has stressed, however, that "a prison custodian is not the guarantor

of a prisoner's safety." See Purcell v. Toombs Cty., Ga., 400 F.3d 1313, 1321 (11th Cir. 2005) (citation omitted). Rather, "[i]n the jail setting, a risk of harm to some degree always exists by the nature of its being a jail." Id. at 1323. A plausible § 1983 deliberate indifference claim requires plaintiff show 1) a substantial risk of serious harm, 2) in which the defendant(s) were deliberately indifferent, and 3) causation. See Marbury v. Warden, 936 F.3d 1227, 1233 (11th Cir. 2019).

In analyzing § 1983 deliberate indifference claims, the Eleventh Circuit law divides the claim into distinct sub-claims, including deliberate indifference for "failure to protect" and deliberate indifference to a "serious medical need." See e.g. Chatham v. Adcock, 334 F. App'x 281, 287-93 (11th Cir. 2009) (analyzing a deliberate indifference "to a serious medical need" claim apart from a "failure to protect" claim); Owens, 812 F. App'x at 867-69 (same). A "failure to protect" claim centers around prison officials' duties "to protect prisoners from *violence at the hand of other prisoners*." See Chatham, 334 F. App'x at 291 (emphasis added). An inmate's "failure to protect" claim should be employed solely in the context of inmate-on-inmate violence, and the inmate-plaintiff's allegation(s) that prison officials failed to protect him from such violence. See e.g. id. at 291-94 (plaintiff-inmate's "failure to protect" claim arose from facts that he was attacked by another inmate, and the claim was evaluated in light of prison officials' duty to protect plaintiff from attack by other inmates); Murphy v. Turpin, 159 F. App'x 945, 946-

48 (11th Cir. 2005) (same); Brown v. Hughes, 894 F.2d 1533, 1537-38 (N.D. Ala. 1990) (same).

Here, it is unclear how the St. Clair Facility Supervisors failed to protect Plaintiff. Counts VII and VIII, which are factually identical, allege that Defendants generally "failed to protect Mr. Prim from harm" by failing to alleviate St. Clair's overcrowding and understaffing. (Doc. 90, ¶¶ 413-51). He further alleges that these "systemic inefficiencies…perpetuated an unacceptably high rate of violence and caused the ineffective delivery of medical care." (Doc. 90, ¶¶ 419, 442). Defendants, therefore, deduce that Plaintiff's "failure to protect" claims allege that Defendants' failure to address St. Clair's overcrowding and overstaffing resulted in failure to protect him from *violence and ineffective medical care*. (Doc. 90, ¶¶ 413-50). Counts VII and VIII cannot be maintained on these facts.

First, Plaintiff's attempt to allege Defendants' actions failed to protect him from ineffective medical care is not the focus of a failure to protect claim. As discussed above, a failure to protect claim hinges on allegations of failure to be protected from *inmate-on-inmate violence*. See e.g. Chatham, 334 F. App'x at 291-94; Murphy, 159 F. App'x at 946-48; Brown, 894 F.2d at 1537-38. A failure to protect claim is not grounded on allegations of ineffective medical care. Rather, these allegations are encompassed by a "deliberate indifference to serious medical needs claim," which Plaintiff subsequently asserts in his Second Amended

14

Complaint. See e.g. Owens, 812 F. App'x at 868-70; Chatham, 334 F. App'x at 287-90. (Doc. 90, ¶¶ 634-55). Therefore, a failure to protect claim is not sustainable on "ineffective medical care" allegations, but even if it were, it would be redundant of Counts XXIII and XXIV.

Second, Plaintiff's failure to protect claims against the St. Clair Facility Supervisors cannot be based on allegations of violence, as the alleged attack on Prim occurred at Fountain, not at St. Clair. (Doc. 90, ¶ 4). Defendants, who are employed at St. Clair, are not responsible for any attack that occurred at an entirely different facility. (Doc. 90, ¶¶ 4, 57-68). For these reasons, Plaintiff's failure to protect claim is not viable and due to be dismissed.

Even if this Court were to find the allegations in Counts VII and VIII are typical of a failure to protect claim, they do not state a plausible claim, as they fail to plead anything more than vague facts that the St. Clair Facility Supervisors failed to protect Prim from a generalized risk of harm. The Eleventh Circuit has recently held that "a plaintiff must show more than a generalized awareness of risk to make out a deliberate-indifference claim" based on inmate-on-inmate harm. See Marbury, 936 F.3d at 1234 (internal quotations and citation omitted); see also Owens, 812 F. App'x 861 (11th Cir. 2020) (finding no deliberate indifference failure to protect claim where defendant officer "might have been aware that a general risk of inmate violence existed in Florida prisons"). Rather, a valid failure to protect claim is

contingent on allegations that Defendants were subjectively aware of a "particularized threat or fear felt" by the inmate, and objectively failed to respond. See Carter v. Galloway, 352 F.3d 1346, 1350 (11th Cir. 2003). This is not the case in Counts VII and VIII. Plaintiff sets forth mere general, conclusory allegations that the St. Clair Facility Supervisors "disregarded the substantial risk of serious harm to Mr. Prim," in "failing to protect [him] from harm," via having "observed issues of overcrowding and understaffing." (Doc. 90, ¶¶ 417, 420, 423, 436, 442-43). Plaintiff's further attempt to allege that Defendants "each had actual, personal knowledge of ADOC's history of the increased threat of harm to prisoners like Mr. Prim," does not satisfy the requirement that Defendants were aware of a "particularized threat or fear" to Plaintiff. (Doc. 90, ¶¶ 421, 444).[2] These general, conclusory allegations do not set forth a failure to protect claim, even if one existed, which it does not under Plaintiff's facts.

For these reasons, Plaintiff has failed to state viable "failure to protect" claims, and the claims, as pled, do not state any grounds upon which relief can be granted. The claims, therefore, are due to be dismissed.

---

[2] The Plaintiff's citing to other lawsuits cannot save his claim. The general findings in Braggs v Dunn, 257 F.Supp. 3d 1171, 1198 (M.D. Ala. 2017) regarding understaffing and overcrowding in "many ADOC facilities" could not have notified the St. Clair Facility Supervisors of a specific risk of harm to Prim individually, as required of a failure to protect claim. See Marbury, 936 F.3d at 1234; Carter, 352 F.3d at 1350. Again, this would only be an issue if Plaintiff had a viable failure to protect claim, which he does not.

**III.   PLAINTIFF SEEKS TO HOLD THE ST. CLAIR FACILITY SUPERVISORS PERSONALLY RESPONSIBLE FOR EVENTS THAT OCCURRED AT FOUNTAIN AND FOR CLAIMS THAT RELATE TO OTHER DEFENDANTS.**

Plaintiff seeks to hold the St. Clair Facility Supervisors personally liable for Prim's death while in ADOC custody. Specifically, in the Second Amended Complaint, the Plaintiff seeks to hold the St. Clair Facility Supervisors responsible for events that occurred while Prim was incarcerated at Fountain, including the alleged assault at Fountain.[3]  It is undisputed that Defendants Carla Graham, Gary Malone, Kevin White, Rafael Santa-Maria, Gwendolyn Givens, and Anthony Brooks have worked at St. Clair relative to this lawsuit and have not worked at Fountain at any time relative to this lawsuit. (Doc. 90, ¶¶ 57, 59, 61, 63, 65, and 67). He also seeks to hold the St. Clair Facility Supervisors responsible for the acts of other Defendants.[4] None of these allegations can state a claim against the St. Clair Facility Supervisors.

---

[3] Count VII (Doc 90, ¶¶ 12, 23, 215, 218, 224, 228, 229); Count VIII (Doc 90, ¶¶ 12, 13, 23, 215, 218, 224, 228, 229); Count XV (Doc. 90, ¶¶ 4, 5, 21, 22, 23, 224, 228, 229); Count XVI (Doc. 90 ¶¶ 252, 268-281); Count XXIII (Doc. 90, ¶¶ 4, 5, 21-23, 224, 228, 229); and Count XXIV (Doc. 90, ¶¶ 252, 268-281).

[4] Count VII (Doc. 90, ¶¶ 215, 217, 220-223, 236, 238, 239, 253, 267, 282, 284, 285, 287); Count VIII (Doc. 90, ¶¶ 215, 217, 220-223, 236, 238, 239, 253, 267, 282, 284, 285, 287); Count XV (Doc. 90, ¶¶ 215, 217, 220-223, 236, 238, 239, 253, 267, 282, 284, 285, 287); Count XVI (Doc. 90, ¶¶ 268-281); Count XXIII (Doc. 90, ¶¶ 215, 217, 220-223, 236, 238, 239, 253, 267, 282, 284, 285, 287); and Count XIV (Doc. 90, ¶¶ 268-281).

## IV. PLAINTIFF FAILS TO STATE A SECTION 1983 CLAIM BASED ON ALLEGED INADEQUATE MEDICAL CARE.

Plaintiff seeks to hold the St. Clair Facility Supervisors personally and individually liable for the quality of the medical care that Prim received at St. Clair. Plaintiff fails to allege that any of the St. Clair Facility Supervisors participated directly in Prim's medical care. Instead, Plaintiff alleges that the St. Clair Facility Supervisors' alleged liability stems solely from their roles as supervisory employees. "[S]upervisory officials are entitled to rely on medical judgments made by medical professionals responsible for prisoner care." Williams v. Limestone Cnty., Ala., 198 F. App'x 893, 897 (11th Cir. 2006).

Moreover, this is not a case in which Plaintiff alleges a failure to provide medical care. To the contrary, Plaintiff alleges that Prim received outside medical care on at least five (5) separate occasions while at St. Clair. Thus, Plaintiff fails to state a claim against the St. Clair Facility Supervisors arising out of the medical care Prim received at St. Clair, and Counts XV, XVI, XIII, and XXIV are due to be dismissed.

## CONCLUSION

For the foregoing reasons, the St. Clair Facility Supervisors respectfully request that this Court dismiss all claims asserted against them by the Plaintiff in the Second Amended Complaint.

Respectfully submitted,

TERRI OLIVE TOMPKINS
C. ALEXANDRA SEGREST MONTGOMERY

***/s/ TERRI OLIVE TOMPKINS***
Attorneys for the St. Clair Facility Supervisors
ROSEN HARWOOD, P.A.
2200 Jack Warner Parkway, Suite 200
Tuscaloosa, Alabama 35401
Telephone: (205) 344-5000
ttompkins@rosenharwood.com
amontgomery@rosenharwood.com

19

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing pleading or paper has been served upon:

Laura S. Gibson
Hansel Eli Lightner, II
Hope S. Marshall
Curtis Hendrix Seal
William Chambers Waller, IV
J. Mark White
WHITE ARNOLD & DOWD, P.C.
2025 Third Avenue North
Suite 500
Birmingham, AL 35203
205-323-1888
205-323-8907 (fax)
lgibson@whitearnolddowd.com
elightner@whitearnolddowd.com
hmarshall@whitearnolddowd.com
cseal@whitearnolddowd.com
cwaller@whitearnolddowd.com
mwhite@whitearnolddowd.com

Philip G. Piggott
WEBSTER HENRY
Two Perimeter Park South, Ste. 445 East
Birmingham, AL 35243
Ppiggott@websterhenry.com

William R. Lunsford
Stephen Rogers
Kenneth S. Steely
MAYNARD, COOPER & GALE, P.C.
655 Gallatin Street, S.W.
Huntsville, AL 35801
blunsford@maynardcooper.com
srogers@maynardcooper.com
ksteely@maynardcooper.com

on this 25th day of June 2021, by electronically filing, delivering a copy to each, by mailing a copy to each by first class United States Mail, postage prepaid, addressed to them at their last known address or, if no address is known, by leaving it with the Clerk of this Court.

*/s/ TERRI OLIVE TOMPKINS*
Attorney for Defendants