FILED
2023 May-17  AM 11:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION**

| | | |
|---|---|---|
| **J. THOMAS PILCHER IV, as representative of the ESTATE OF JAMIE LAWRENCE PRIM,** | ) ) ) ) ) | **Case No. 4:21-CV-00204-ACA** |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | |
| **JEFFERSON DUNN, _et al._,** | ) ) | |
| **Defendants.** | ) | |

## THE ADOC OFFICIALS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

Defendants Jefferson Dunn ("Commissioner Dunn"), Mark Fassl ("Fassl"), Grantt Culliver ("Culliver"), Ruth Naglich ("Naglich"), Cheryl Price ("Price"), Charles Daniels ("Daniels"), Edward Ellington ("Ellington"), William Streeter ("Streeter"), and Karla Jones ("Jones," and, collectively with Commissioner Dunn, Fassl, Culliver, Naglich, Price, Daniels, Ellington, and Streeter the "ADOC Officials") hereby submit their Response in Opposition to Plaintiff's Motion for Reconsideration.  (Doc. 118, the "Motion").

## INTRODUCTION

In his Second Amended Complaint, Plaintiff asserted federal claims against the ADOC Officials pursuant to 42 U.S.C. § 1983 ("section 1983") for failure to

protect, denial of adequate health care, and "state-created danger," as well as a state-law claim for wrongful death. (Doc. 90, Counts 1-6, 9-16, 32). The Court dismissed Plaintiff's claims against the ADOC Officials in its 25-page order. (Doc. 112, the "Dismissal Order"). Plaintiff now seeks reconsideration of the Court's dismissal of those claims. (Doc. 118). Plaintiff fails to identify any "clear error" or "manifest injustice" warranting reconsideration, and, accordingly, the Court should deny his Motion. Additionally, Plaintiff fails to provide a basis for the Court to allow him to amend his pleading yet again, and the Court should deny his request to file a Third Amended Complaint. For these reasons, Plaintiff's Motion is due to be denied.

## THE COURT'S ORDER

Plaintiff claims to seek reconsideration of the Court's dismissal of his claims against the ADOC Officials for failure to protect, denial of adequate health care, state-created danger, and wrongful death. (Doc. 118 at 2). Plaintiff does not seek reconsideration of the Court's dismissal of his claims against the ADOC Officials for deliberate indifference to serious medical needs, failure to intervene civil conspiracy, or intentional infliction of emotional distress. (Doc. 118 at 1 nn. 2-5). Despite claiming to seek reconsideration of the denial of adequate health care and state-created danger claims, Plaintiff only provides argument regarding his failure-to-protect claims (which he claims applies to his wrongful death claim as well). (Id. at 4-14). In any event, the Court's Dismissal Order fully analyzed and considered

each of Plaintiff's claims and concluded they failed to allege a plausible claim against any ADOC Official and, as such, no basis exists for any reconsideration.

**Failure to protect.**  The Court concluded that, to the extent Plaintiff based his claims on alleged overcrowding and understaffing at St. Clair and Fountain, Plaintiff failed to adequately allege that any of the ADOC Officials "could have corrected the understaffing and overcrowding problems at St. Clair and Fountain."  (Doc. 112 at 11).  To the extent Plaintiff based his claim on Prim's assignment to the alleged "Hot Bay" at Fountain, the Court found Plaintiff failed to allege a history of "widespread abuse" sufficient to put the ADOC Officials on notice of "a potential for constitutional violations" at Fountain.  (Doc. 112 at 13-15).  As such, Plaintiff failed to allege any facts to support his claim against ADOC Officials for Failure to Protect. (<u>Id.</u> at 15).

**Denial of Adequate Health Care.**  Plaintiff seeks reconsideration of his "denial of adequate health care" claims but not his "deliberate indifference to serious medical needs" claims.  (Doc. 118 at 2 n.2).  The Court concluded that "a denial of adequate health care is not a standalone constitutional claim."  (Doc. 112 at 16 n.2). The Court therefore analyzed the claims "regarding denial of health care and deliberate indifference to a serious medical need under the framework for deliberate indifference to serious medical needs."  (<u>Id.</u>).  The Court concluded that Plaintiff failed to allege that the ADOC Officials possessed "any direct knowledge of Mr.

Prim or of his condition or that any of these Defendants were directly involved in Mr. Prim's medical care."  (Doc. 112 at 17) (concluding that "[s]tating without factual support or further explanation that [the ADOC Officials] knew about Mr. Prim's medical condition is a conclusory allegation").  Plaintiff fails to provide any argument at all in the Motion as to why the Court should reconsider its decision as to these claims.

**State-Created Danger.**  The Court found that Plaintiff's state-created danger claims against Dunn, Culliver, Price, and Streeter failed because Plaintiff failed to allege that any of these ADOC Officials possessed "personal knowledge of Mr. Prim's placement in Fountain's Hot Bay." (Doc. 112 at 20).  Again, while Plaintiff purports to seek reconsideration of these claims, he fails to provide any argument whatsoever in the Motion as to why the Court should reconsider its dismissal of these claims.

**Wrongful Death.**  The Court dismissed Plaintiff's state-law claims on the basis of state-agent immunity. (Doc. 112 at 24).  Plaintiff fails to address this basis of dismissal and instead argues only that his arguments regarding the failure-to-protect claims apply to the wrongful death claims as well. (Doc. 118 at 4).  For the reasons set forth below, Plaintiff fails to provide any basis for the Court to reconsider its dismissal of the failure-to-protect claims. Accordingly, no basis exists to reconsider the dismissal of the wrongful death claims.

4

# DISCUSSION

## I.    PLAINTIFF'S MOTION FOR RECONSIDERATION IMPROPERLY SEEKS TO RELITIGATE ADOC OFFICIALS' MOTION TO DISMISS.

Plaintiff purports to seek reconsideration of the Court's Dismissal Order "to correct clear error or manifest injustice."  (Doc. 118 at 3).  As noted above, while Plaintiff purports to seek reconsideration of the dismissal of his claims for failure-to-protect, denial of adequate health care, state-created danger, and wrongful death, he provides argument only with respect to the failure-to-protect and wrongful-death claims.  (Doc. 118 at 4-14).  Plaintiff pays lip service to the governing legal standard, reciting that "'[m]anifest error does not mean that one does not like the outcome of a case,'" but instead constitutes "'an error that is plain and indisputable.'"  (Id. (quoting Grupo HGM Techologias Submarina, S.A. v. Energy Subsea, LLC, 2022 WL 211589 (S.D. Ala. Jan. 24, 2022)); see also Rueter v. Merrill Lynch, Pierce Fenner & Smith Inc., 440 F. Supp 2d 1256, 1267-68 (N.D. Ala. 2006) (reconsideration under Rule 59 constitutes an "extraordinary remedy" and should be used sparingly)).  Despite reciting this legal standard, Plaintiff fails to identify any such error.  Instead, he simply seeks to "relitigate" the ADOC Officials' motion to dismiss, an improper use of Rule 59.  Michael Linet, Inc. v. Village of Willington, Fla., 408 F.3d 757, 763 (11th Cir. 2005).  Accordingly, the Court should deny Plaintiff's Motion.

Plaintiff's Motion reflects nothing more than a regurgitation of his prior

arguments in response to the ADOC Officials' motion to dismiss his failure-to-protect claims, purporting to demonstrate that he properly alleged each element of deliberate indifference.  In fact, some of Plaintiff's arguments appear to be copy and pasted from his response to ADOC Officials' Motion to Dismiss.  (See, e.g., Doc. 118 at 6-7 (arguing Plaintiff sufficiently pled every element of a failure to protect claim); Doc. 107 at 21-22 (arguing Plaintiff alleged every element of a failure to protect claim.).  Plaintiff fails to refute (or even address) the Court's reasoning in its Dismissal Order.  Instead, Plaintiff argues that "the Court reached its determination by applying a standard of proof beyond that required to survive a Motion to Dismiss." (Doc. 118 at 5).  Plaintiff, however, completely ignores the correct, well-recognized Twombly/Iqbal plausibility standard for a motion to dismiss and cites only pre-Twombly/Iqbal cases relying on the now long-dead "no set of facts" standard from Conley v. Gibson, 355 U.S. 41 (1957).  (Doc. 118 at 5).  Applying the correct legal standard, the Court properly concluded that the Second Amended Complaint lacked "plausible facts supporting" Plaintiff's allegations.  (Doc. 112 at 12).  Simply, Plaintiff's Second Amended Complaint did not take Plaintiff's claims from the possible to the plausible as to the ADOC Officials and, therefore, there is nothing to reconsider, and the Motion is due to be denied.

## II.  THE COURT SHOULD DENY PLAINTIFF'S REQUEST TO AMEND HIS COMPLAINT YET AGAIN.

As the Court properly concluded in the Dismissal Order, despite three

attempts, Plaintiff still failed to meet even the most basic pleading standards for his claims against the ADOC Officials.  (Doc. 96 at 3-5).  Plaintiff now seeks leave to file a fourth pleading attempting to set forth these same claims.  The Court should deny this request.

In the Motion, Plaintiff states he would like to amend "specifically to address and allege additional facts and details."  (Doc. 118 at 14).  However, Plaintiff failed to identify a single new "fact" or "detail" that would push his failed claims across the plausibility line.  Similarly, Plaintiff fails to demonstrate good cause as to why he could not assert these "additional facts and details" in the Second Amended Complaint.  Instead, Plaintiff relies solely on the Eleventh Circuit's statement that, although Rule 15 no longer applies after dismissal of a complaint, leave to amend still should be "'granted liberally.'"  (Doc. 118 at 16 (quoting Czeremcha v. Int'l Ass'n of Machinists and Aerospace Workers, AFL-CIO, 724 F.2d 1552, 1556 (11th Cir. 1984))).  Plaintiff ignores, however, the Supreme Court's statement that courts should not allow amendment in cases of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."  Foman v. Davis, 371 U.S. 178, 182 (1962).

Plaintiff repeatedly failed to cure the deficiencies in his Complaint through

his previous two (2) amendments.  <u>See</u>, <u>e.g.</u>, <u>Blackburn v. Shire US Inc.</u>, 18 F.4th 1310, 1317-18 (11th Cir. 2021) (district court did not abuse its discretion in denying leave to amend based on undue delay and futility where plaintiff sought leave to amend for a second time after the court granted defendant's motion to dismiss); <u>Wagner v. Daewoo Heavy Indus. Am. Corp.</u>, 314 F.3d 541, 543 (11th Cir. 2002) (en banc) (cautioning against a plaintiff "sit[ting] idly by as he awaited the district court's determination with respect to a 12(b)(6) motion to dismiss").  Indeed, before Plaintiff filed the Second Amended Complaint, the Court provided Plaintiff with detailed instructions (doc. 14 at 4), and Plaintiff still failed to file an adequate pleading.  Moreover, Plaintiff's Motion fails to identify a single new fact he contends pushes his claims over <u>Twombly</u>'s plausibility line.   Accordingly, any further amended complaint would remain subject to dismissal and prejudice the ADOC Officials by continuing to litigate Plaintiff's unmeritorious claims against them.  <u>Hall v. Ins. Co. of Am.</u>, 367 F.3d 1255, 1263 (11th Cir. 2004) ("'This court has found that denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal.'") (quoting <u>Burger King Corp. v. Weaver</u>, 169 F.3d 1310, 1320 (11th Cir. 1999))).  Thus, the Court should deny leave to amend for undue delay, undue prejudice to the ADOC Officials, and as futile.

Dated: May 17, 2023:

/s/ William R. Lunsford
William R. Lunsford

*One of the Attorneys for the ADOC Officials*

William R. Lunsford
Kenneth S. Steely
**BUTLER SNOW LLP**
200 West Side Square, Suite 100
Huntsville, AL 35801
Telephone: (256) 936-5650
Facsimile: (256) 936-5651
bill.lunsford@butlersnow.com
kenneth.steely@butlersnow.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all parties in this matter, including without limitation the following, by the Court's CM/ECF system or by U.S. Mail on this 17th day of May, 2023:

Laura S. Gibson
Curtis H. Seal
H. Eli Lightner
Hope S. Marshall
J. Mark White
W. Chambers Waller, IV
**WHITE ARNOLD & DOWD, P.C.**
2025 Third Avenue North, Suite 500
Birmingham, AL 35203
Telephone: (205) 323-1888
Facsimile: (205) 323-8907
lgibson@whitearnolddowd.com
cseal@whitearnolddowd.com
elightner@whitearnolddowd.com
hmarshall@whitearnolddowd.com
mwhite@whitearnolddowd.com
cwaller@whitearnolddowd.com

*Attorneys for Plaintiff*

Phillip G. Piggott
**WEBSTER, HENRY, BRADWALL, COHAN, SPEAGLE & DESHAZO, P.C.**
Two Perimeter Park, Suite 445 East
Birmingham, AL 35243
Telephone: (205) 533-4873
ppiggott@websterhenry.com

*Attorney for Wexford Defendants*

Terri O. Tompkins
**ROSEN HARWOOD, P.A.**
2200 Jack Warner Parkway, Suite 200
Tuscaloosa, AL 35401
Telephone: (205) 344-5000
ttompkins@rosenharwood.com

*Attorneys for Anthony Brooks, Carla Graham, Gary Malone, Kevin White, Raphael Santa-Maria, and Gwendolyn Givens*

*/s/ William R. Lunsford*
_____
*Of Counsel*